IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: | MDL NO. 840 |
| | No. 86-390 |
| ESTATE OF FERDINAND E. MARCOS | No. 86-330 |
| HUMAN RIGHTS LITIGATION | |
| | |
| THIS DOCUMENT RELATES TO: | DECLARATION OF ROBERT A. SWIFT |
| Hilao et al v. Estate of Ferdinand E. Marcos, | |
| and | |
| DeVera et al v. Estate of Ferdinand E. Marcos. | |

Robert A. Swift, declares under penalty of perjury as follows:

1. I am a senior member in the law firm of Kohn Swift & Graf, P.C. (the "Firm"), counsel for the Plaintiff Class in the above-captioned action. I am also the Lead Counsel for the Class.

2. I make this Declaration in support of the Firm's application for an award of attorneys' fees for services rendered to the Class certified in the above-captioned litigation, but limited to post-judgment collection matters (hereinafter "Collection Matters") involving the Marcos house, car, Picasso painting and Arelma account – all matters on which a collection was made and the proceeds deposited into the Settlement Fund pursuant to paragraph 10 of the Judgment of

4353_1

February 3, 1995. The time expended in preparing this Declaration is not included. I also seek reimbursement of expenses reasonably incurred in the course of such representation from the inception of the matter in 1986 to the present.

3. The firm's compensation for services rendered is wholly contingent. Any fees and reimbursement of expenses will be limited to such amounts as may be awarded by this Court.

4. During the period from the June 1995 through March 2005, lawyers and paralegals of the Firm performed 2,893.4 hours of work in connection with Collection Matters in this litigation. Based upon current hourly rates ordinarily charged to the Firm's clients, the lodestar value of the time is $1,339,958.50. Attached hereto as Exhibit "1" is a chart which indicates the attorneys and paralegals who worked on this litigation, their hourly rates and their respective lodestar values. Because the litigation has lasted over 20 years, some of the attorneys and paralegals who worked on the case have left the Firm's employ or died. For those persons, their hourly rate is the last rate charged for their services by this Firm.

5. Detailed itemization of the services rendered on the Collection Matters is attached as Exhibit "L".

6. During the period from March 1986 through April 30, 2006, the Firm incurred expenses in the sum of $1,012,140.24. These expenses were

2

4353_1

reasonably and necessarily incurred in connection with this litigation and are categorized in Exhibit "2" hereto. The expenses incurred are reflected on the books and records of the Firm. These books and records are prepared from checks and expense vouchers which are regularly kept and maintained by the Firm and accurately reflect the expenses incurred. Incurred, but not paid, are expenses totaling $9,254.86 of two human rights groups in the Philippines, TFDP and SELDA, who assisted with disseminating class notices and bringing witnesses to deposition locations during the compensatory phase of the trial. Documentation for this amount is attached hereto as Exhibit "3".

7. All of the services performed by the Firm in connection with this litigation were reasonably necessary in the prosecution of this case and of the type which would be charged to an hourly fee paying client.

8. There has been no unnecessary duplication of services for which the Firm now seeks compensation.

9. The rates at which the Firm seeks compensation are its usual and customary hourly rates charged for work performed for and paid by other clients. No adjustment was made, notwithstanding the complexity of the matters involved, the opposition encountered, the preclusion of other employment, the delay in payment, or the factors present in this case which might justify a higher rate of compensation. My rate of $480 per hour is the rate charged to and paid by my

4353_1

normal hourly rate paying clients for the period up to July 1, 2004. My hourly rate increased on July 1, 2004 and again in 2005/2006. Over the past five years my then-hourly rate has been approved in various class action cases for which my firm has been compensated.

10. My firm and I have been materially involved in all aspects of this litigation, including settlement negotiations. As Lead Counsel, I have been involved in every aspect of this litigation. A detailed description of the work performed is set forth in my separate Declaration.

11. In addition to the request for reimbursement of my Firm's fees and expenses, I am requesting compensation for 88.32 hours of work (with a lodestar value of $25,406) and reimbursement of $477.40 in expenses incurred by the law firm of Hussy von Graffenreid & Partner of Zurich, Switzerland in 1993. I engaged Christoph von Graffenreid to prosecute several sets of letters rogatory in Switzerland for which his firm has not been paid. His separate Declaration is attached.

12. I am also requesting compensation for the services of Eric Yamamoto, a professor of law at the University of Hawaii Law School, for services rendered in briefing jurisdictional and procedural issues in the mid-1990's. As set forth in his separate Declaration, he performed 108 hours of work and seeks reimbursement at his then-rate of $250.00.

13. Attached hereto as Exhibit "4" is a biography of my Firm which highlights the experience of the Firm in complex class action work, as well as my biography.

I declare under penalty of perjury that the foregoing is true and correct.

May 15, 2006

_____
Robert A. Swift

UNREIMBURSED EXPENSES OF
KOHN SWIFT & GRAF, P.C.
MARCH 1986 THROUGH APRIL 2006

| COSTS | 3/86 – 3/99 | 4/99 – 4/30/06 | Total Amount |
|---|---|---|---|
| Court Costs | $ 14,828.96 | $ 535.90 | $ 15,364.86 |
| Transcripts & Depositions | 28,476.46 | 6,289.57 | 34,766.03 |
| Witness Fees | 7,760.47 | 1,561.39 | 9,321.86 |
| Travel | 263,173.74 | 85,670.24 | 348,843.98 |
| Telephone: Conference Calls; Credit Card, etc. | 19,477.85 | 6,301.58 | 25,779.43 |
| Outside Photocopying Costs | 7,122.18 | 193.95 | 7,316.13 |
| Long Distance Telephone & Telecopier | 36,643.66 | 12,865.17 | 49,508.83 |
| Velobind | 382.36 | 755.00 | 1,137.36 |
| Inside Duplicating & Printing | 50,129.87 | 18,972.80 | 69,102.67 |
| Special Postage | 10,873.54 | 2,657.24 | 13,530.78 |
| Federal Express | 9,069.99 | 5,929.28 | 14,999.27 |
| Credit Reports – Other Special Services | 17,438.46 | 233.34 | 17,671.80 |
| Professional Services | 49,358.68 | 25,921.11 | 75,279.79 |
| LEXIS, WESTLAW | 24,173.48 | 7,337.47 | 31,510.95 |
| Payment for Counsel & Litigation Costs in Singapore | | 170,056.87 | 170,056.87 |
| Victim/Class Member Database Costs | 5,811.51 | 10,139.02 | 15,950.53 |
| Expenses of Sullivan & Damen re Collection in NY | 455.56 | | 455.56 |
| Class Notice/Claims Administration/ Communications w/ Class Members | 52,837.32 | | 52,837.32 |
| Meetings w/ Government Officials | 3,269.89 | | 3,269.89 |
| Reimbursement of Non-Governmental Organizations | 54,848.56 | | 54,848.56 |
| Records Storage | 429.43 | 158.34 | 587.77 |
| TOTAL | $ 656,561.97 | $ 355,578.27 | $ 1,012,140.24 |

282_1