IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| IN RE:<br><br>ESTATE OF FERDINAND E. MARCOS<br>HUMAN RIGHTS LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>    Hilao et al v. Estate of Ferdinand<br>    E. Marcos,<br>        and<br>    DeVera et al v. Estate of Ferdinand<br>    E. Marcos. | MDL NO. 840<br>No. 86-390<br>No. 86-330<br><br><br><br>MEMORANDUM IN SUPPORT<br>OF CLASS MOTION FOR<br>EXTENSION OF JUDGMENT |

**MEMORANDUM IN SUPPORT OF CLASS MOTION**

**FOR EXTENSION OF JUDGMENT**

The Plaintiff Class submits this memorandum in support of this motion for extension of judgment for ten years pursuant to *Fed.R.Civ.P.69*. The issue of whether the judgment in this action may become unenforceable 10 years after it was final has been raised by attorneys for the defendants in collection litigation pending in the Northern District of Texas, *Pimentel v. B.N. Development Company, Inc. et al.,* Civ. No. 4-05CV-234-Y. The assertion is based on a Hawaii statute, HRS 657-5, which provides that state court judgments are extinguished ten years after they become final. Class counsel believe the statute is inapplicable to the Class' federal judgment herein. Nonetheless, out of an abundance of caution, Class counsel have filed this Motion for an extension of the judgment.

The judgment in the Marcos Human Rights Case was final when it was affirmed by the U.S. Court of Appeals for the Ninth Circuit in December 1996, and the mandate was issued on

January 8, 1997.  Both of these events occurred within the past ten years.

After an appeal, *Fed.R.App.P. 36* provides that "a judgment is entered when it is noted on the docket." A judgment is final when the issues are adjudged and settled with finality, *Market Street R. Co. v. Railroad Commission, 324 U.S. 548, 551-552 (1945); FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 212 (1952)*. A federal judgment is not final until the mandate is spread in district court, *Bainchi v. Perry, 154 F. 3d 1023 (9th Cir1998). Calderon v. United States District Court, 128 F.3d 1283, 1286 n. 2 (9th Cir.1997)*.

The Marcos Human Rights judgment has been certified and registered in numerous different federal district courts and foreign courts many times starting in 1995 for Hawaii and 1997 for other jurisdictions and continuing to the present.  *28 U.S.C. Sec. 1963* provides for registration of "[a] judgment . . . for the recovery of money or property entered in any court of appeals, district court  . . . ." It permits a federal judgment rendered in one district to be registered in any other in the federal system without the need to relitigate and upon registration constitutes a new judgment.  *See Marx v. Go Publishing Company, Inc.,* 721 F.2d 1272, 1273 (9th Cir.1983) (California ten-year statute of limitations for enforcement of judgments runs from the date of the section 1963 registration).

Because of the pattern and practice of Marcos to fraudulently secrete his assets and use off-shore corporations and cronies to hold title, it has taken careful investigation, many years and vigorous litigation to identify and recover some of his assets. The collection effort is still active and ongoing.  *Fed.R.Civ.P.69 (a)* does not impose any federal time limit for executing on a federal money judgment and does not specifically incorporate any state statute of limitations on a federal judgment based on federal law claims and cannot be read to authorize a direct restriction on the federal district court's jurisdiction to enforce its judgments. *Fed.R.Civ.P. 82* provides that

2

**Marcos Motion for Extension of Judgment**

the rules "shall not be construed to extend or limit the jurisdiction of the United States district courts." The judgment itself gave this Court continuing jurisdiction over the litigation. The United States Supreme Court has been clear that the federal court has "inherent power to enforce its judgments" and it has "approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection of federal judgments--including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances." *Peacock v. Thomas,* 116 S.Ct. 862, 868 (1996).

State statute and procedures are in place to assist with collection of the judgment, not to prevent collection. For a state law to preempt collection of a federal judgment without specific statutory or constitutional authority would violate the Supremacy Clause, U.S. Constitution, Art. VI. "In determining jurisdiction, district courts of the United States must look to the sources of their power, Article III of the United States Constitution and Congressional statutory grants of jurisdiction, not to the acts of state legislatures. However extensive their power to create and define substantive rights, the states have no power directly to enlarge or contract federal jurisdiction." *Duchak v. Jacobi*, 646 F. 2d 415 (9th Cir. 1981).

By its own plain terms, *H.R.S. 657-5* does not purport to apply to a judgment in federal court based on federal law claims. *H.R.S. 657-5* is limited to courts of the State of Hawaii. Even its title limits its applicability to "domestic judgments" which are judgments of the courts of the State of Hawaii.

> *H.R.S. 657-5.* **Domestic judgments** *and decrees*.
>
> Unless an extension is granted, every judgment and decree of ***any court of the State*** shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered. No action shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended. No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered. A court shall not extend any judgment or

3

**Marcos Motion for Extension of Judgment**

> decree beyond twenty years from the date of the original judgment or decree. No extension shall be granted without notice and the filing of a non-hearing motion or a hearing motion to extend the life of the judgment or decree.

(emphasis added). Hawaii law defines a judgment of a court of the United States to be a "foreign judgment." *H.R.S. Sec. 636C-2*.

A comparison of a parallel statute in California underscores that the Hawaii statute does not apply to federal judgments. *Cal. C. C. P. 337.5 (3)* provides that enforcement must be brought "[w]ithin 10 years [for]: . . . 3. An action upon a judgment or decree of **any court of the United States** or of any state within the United States." (emphasis added). The Hawaii statute refers only to "domestic judgments" and "judgments of any court of the state".

Moreover, Hawaii state statutes limiting the time to pursue federal remedies have been specifically rejected by the Ninth Circuit. In *Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc.*, 823 F. 2d 289, 297 (9th Cir. 1987), the Ninth Circuit found that the district court erred when choosing *H.R.S. Sec. 657-11* to govern a case under ERISA, the Employee Retirement Income Security Act, *29 U.S.C.S. § 1101*. ERISA does not specifically provide for a statute of limitations to collect back payments to the retirement fund. *H.R.S. Sec. 657-11* provides a statute of limitations of two years to bring a suit "whenever any federal statute provides for damages or equitable relief and neither the federal statute nor any specific state statute specifies the time period within which suit may be brought, the suit, if brought in state court . . . ." The reasoning of the Ninth Circuit about the applicability of state statutes of limitations for filing a lawsuit in federal court is controlling in the Marcos Human Rights enforcement actions in federal court as well:

> ***We note that the Hawaii statute selected by the district court cannot apply by force of state law to federal causes of action filed in federal court.*** Cf. *Reconstruction Finance Corp. v. Beaver Co.*, 328 U.S. 204, 90 L. Ed. 1172, 66 S. Ct. 992 (1946); *Sola Elec. Co. v. Jefferson Elec. Co.*, 317 U.S. 173, 87 L. Ed. 165, 63 S. Ct. 172 (1942). Moreover, the

4

**Marcos Motion for Extension of Judgment**

statute selected by the district court on its face applies only to actions 'brought in a state court.' Haw. Rev. Stat. § 657-11.

*H.R.S. Sec. 657-20* extends any statute of limitations for an additional six years when the identity of the owner of property has been fraudulently concealed. HRS 657-20 provides that:

> "If any person . . . fraudulently conceals the existence . . . or the identity of any person who is liable for the claim from the person entitled to bring the action, the action may be commenced at any time within 6 years after the person discovered or should have discovered, the existence of the cause of action or identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations. . . . ."

The text of the Judgment and later Contempt Order establish fraudulent concealment by the judgment debtor. Federal courts unquestionably possess the power to protect their judgments from fraudulent transfers. *Thomas, Head & Greisen Employees Trust v. Buster,* 95 F.3d 1449 (9th Cir. 1996).

The several partial collections of the judgment serve to tolls any statute of limitation. This is the law in most jurisdictions, *see* 74 ALR 2d 1287, and it is the law in Hawaii. *Macauley v. Schurmann,* 22 Hawaii 140, 1914 WL 1723 (1914) (holding that the payment of interest by one of two joint and several makers of a promissory note within the period of limitation will start the statute of limitations to run afresh as to the other, as well as the one who made the payment, though the payment was made without the knowledge or authorization of the other).

Although H.R.S. 657-5 is inapplicable to the judgment herein, in order to foreclose an assertion that was made by attorneys in *Pimentel v. B.N. Development Company, Inc. et al.,* the Plaintiff Class request the Court to extend the judgment for an additional 10 years.

                                         Respectfully submitted,

Dated: June 5, 2006                        /s/ Sherry P. Broder
                                         Sherry P. Broder
                                         Robert A. Swift
                                         Lead and Liaison Counsel

**Marcos Motion for Extension of Judgment**