IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In Re:<br><br>ESTATE OF FERDINAND E. MARCOS HUMAN RIGHTS LITIGATION | MDL NO. 840<br>No. 86-390<br>No. 86-330<br><br>MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE |
| THIS DOCUMENT RELATES TO:<br><br>Hilao, et al. v. Estate of Ferdinand E. Marcos,<br>And<br>De Vera, et al. v. Estate of Ferdinand E. Marcos | |

**MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION TO INTERVENE**

B.N. Development Co., Inc., Ellesmere Investment Corp., Inc., Jason Development Co., Inc., Langley Investment Corp., Inc., Pender Investment Corp., Inc., Revelstoke Investment Corp., Inc., and Vernon Investment Corp., Inc. (collectively, "the Corporations") seek to intervene in this action for the limited purpose of opposing the Class Motion for Extension of Judgment ("Class Extension Motion").  The Class Extension Motion was filed for the specific purpose of undermining the Corporations' statute of limitations defense in a case brought against them by the Class in the Northern District of Texas.  The

Corporations, therefore, are entitled to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2); in any event, they should be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(b)(2). Class Counsel has consented to this proposed intervention, and the Corporations respectfully request that it be granted promptly so that they may take action in this Court to protect their interests.

## STATEMENT OF FACTS

The same class that obtained a judgment against the Estate of former Philippine President Ferdinand Marcos in this action on February 3, 1995 (the "Class") sued the Corporations on April 8, 2005 in the Northern District of Texas (the "Texas action"). (*See* Declaration of Eugene D. Gulland ("Gulland Decl.") ¶ 6, and Exhibit 3 thereto (Compl., *Pimentel v. B.N. Dev. Co., et al.*, No. 04-cv-00234 (N.D. Tex.).) In that suit, the Class seeks execution on its judgment, alleging that certain real property owned by the Corporations is actually owned for the benefit of the Marcos Estate. (*See id.*) The Corporations have denied that the Marcos Estate has any interest in the properties and have alleged several affirmative defenses, including the statute of limitations. (*See* Gulland Decl. ¶ 7 and Exhibit 4 thereto (Defs.' First Am. Answer, *Pimentel v. B.N. Dev. Co., et al.*, No. 04-cv-00234 (N.D. Tex.).)

The Corporations' statute of limitations defense is based in part on the Class's failure to move to extend their judgment within the period prescribed by Hawaii law.  On May 9, 2006, counsel for the Corporations notified Class Counsel of the Corporations' belief that Tex. Civ. Prac. & Rem. Code § 16.066(a), which provides that a foreign judgment is unenforceable in Texas if it is unenforceable in the place it was issued, bars the Class's claims in the Texas action.  (*See* Gulland Decl. ¶ 2 and Exhibit 1 thereto (May 9, 2006 Letter from Eugene D. Gulland, Esq. to Robert A. Swift, Esq.).)  Specifically, counsel for the Corporations informed Class Counsel of their belief that because the Class did not move to extend its judgment in this Court within the ten-year period provided by Haw. Rev. Stat. § 657-5, the judgment in this action had expired and therefore was not enforceable in Texas when the Class filed its complaint there.  (*Id.*)  Class Counsel responded on May 26, 2006, disagreeing with the Corporations' position but failing to point to any extension of the judgment.  (*See* Gulland Decl. ¶ 3 and Exhibit 2 thereto (May 26, 2006 Letter from Robert A. Swift, Esq. to Eugene D. Gulland, Esq.).) The Corporations filed a motion for judgment on the pleadings in the Texas action on June 15, 2006.  (*See* Gulland Decl. ¶ 8 and Exhibit 5 thereto (Defs.' Mot. for J. on the Pleadings, *Pimentel v. B.N. Dev. Co., et al.*, No. 04-cv-00234 (N.D. Tex.).)

Although Class Counsel was corresponding with counsel for the Corporations on this precise issue, the Class filed its Class Extension Motion on

June 5, 2006 in this Court without notifying or serving counsel for the Corporations. *It was not until June 19, 2006 -- the day after the deadline for opposing the Class Extension Motion -- that Class Counsel informed counsel for the Corporations of the filing it had made two weeks earlier.* (Gulland Decl. ¶ 4.) On the same day, Class Counsel consented to the Corporations' intervention to oppose the Class Extension Motion.[1] (Gulland Decl. ¶ 5.)

### ARGUMENT

Rule 24(a), which provides for intervention as of right, is "construe[d] liberally in favor of potential intervenors," and is plainly satisfied here. *California ex rel. Lockyer v. United States*, --- F.3d ----, 2006 WL 1599034, *2 (9th Cir. 2006). In the Ninth Circuit, an applicant may intervene as of right if (1) the motion is timely; (2) the applicant claims a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest is

---

[1]   Class Counsel has refused to consent to an extension of the time for hearing the Class Extension Motion. (Gulland Decl. ¶ 5.)  Because failure to extend the time for hearing on the Class Extension Motion would preclude Corporations from presenting arguments supporting the interest that Class Counsel has acknowledged, the Corporations have requested expedited consideration of this motion and an extension of briefing and oral argument in their *Ex Parte* Application for Extension of June 26 Hearing Date on Class Motion for Extension of Judgment and for Expedited Consideration of Unopposed Motion to Intervene, also filed today.

inadequately represented by the parties to the action. *Id.* (*citing Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)). The Corporations satisfy all four factors and may intervene as of right.

*First*, the Corporations' motion is automatically deemed timely and non-prejudicial since the Class has consented to intervention. *See Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) ("As the parties agree that Applicants' motion to intervene was timely, we need not address this factor.").

*Second*, the Corporations have a significantly protectable interest in the subject of the Class Extension Motion. An applicant for intervention has a significantly protectable interest if it "asserts an interest that is protected under some law" and there is a "relationship between its legally protected interest and the plaintiff's claims." *California ex rel. Lockyer*, 2006 WL 1599034, at *2 (internal quotations and citation omitted). Here, the Corporations have a protectable interest in the property at issue in the litigation, an interest that is threatened by the Class's attempt in this Court to circumvent Haw. Rev. Stat. § 657-5, which protects parties like the Corporations from untimely execution on stale judgments. *See Sierra Club*, 995 F.2d at 1482 (rights "protected by law relating to property" that was at issue in case were sufficient interest).

5

*Third*, the Corporations may "suffer a practical impairment of [their] interests as a result of the pending litigation." *California ex rel. Lockyer*, 2006 WL 1599034, at *3; *see also Berg*, 268 F.3d at 822 (the Ninth Circuit follows Rule 24 advisory committee notes, which state that "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be permitted to intervene"). If the Class Extension Motion were decided in favor of the Class, the court in the Texas action may defer to that decision when it addresses the Corporations' motion for judgment on the pleadings. Indeed, Class Counsel filed this motion after the Corporations advised Class Counsel that they intended to file a motion for judgment on the pleadings in the Texas action based on the statute of limitations.

*Fourth*, the Corporations' interest is not adequately represented here. None of the defendants in this action has filed an opposition to the Class Motion for Extension of Judgment. Since the present defendants therefore will not "undoubtedly make all the [Corporations'] arguments," and do not appear "capable and willing to make such arguments," the defendants will not adequately represent the Corporations' interests and intervention is justified. *Berg*, 268 F.3d at 822.

Because the Corporations satisfy the four-factor test for intervention as of right, the Court should grant this motion for intervention, which Class Counsel does not oppose. *See Olympic Chartering S.A. v. Ministry of Indus. and*

6

*Trade of Jordan*, 134 F. Supp. 2d 528, 529 (S.D.N.Y. 2001) (alleged holder of assets intervened as of right in original case).  Alternatively, the Corporations should be permitted to intervene under Rule 26(b)(2), since their defense in the Texas case and the Class' motion have "a question of law or fact in common." Fed. R. Civ. P. 24(b)(2); *see Beckman Indus, Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473-74 (9th Cir. 1992) (permissive intervention granted on motion to intervene for limited purpose when issue supplied a sufficiently strong nexus between separate actions to satisfy the commonality requirement).

        Dated: Honolulu, Hawaii, June 22, 2006.

                                    /s/ Thomas Benedict
                                    THOMAS BENEDICT

                                  Attorney for Proposed Intervenors B.N. DEVELOPMENT CO., INC., ELLESMERE INVESTMENT CORP., INC., JASON DEVELOPMENT CO., INC. LANGLEY INVESTMENT CORP., INC. PENDER INVESTMENT CORP., INC., REVELSTOKE INVESTMENT CORP., INC. and VERNON INVESTMENT CORP., INC.