# COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

WASHINGTON
NEW YORK
SAN FRANCISCO
LONDON
BRUSSELS

EUGENE D. GULLAND
TEL 202.662.5504
FAX 202.778.5504
EGULLAND @ COV.COM

May 9, 2006

VIA FACSIMILE and MAIL

Robert A. Swift, Esquire
Kohn, Swift & Graf, P.C.
One South Broad Street
Suite 2100
Philadelphia, Pennsylvania 19107-3304

Re: *Pimentel et al. v. B.N. Development Company, Inc., et al.* C.A. No. 4-05CV-234-Y (N.D. Tex.), and *Mariano J. Pimentel, et al. v. Denman Investment Corporation, Inc.*, C.A. No. 05-CV-00702-MSK (OES) (D. Colo.)

Dear Mr. Swift:

We write to put you on notice of what appears to be a fatal flaw in plaintiffs' cases, and to request that you advise us if we have overlooked pertinent facts.

These actions are brought by purported judgment creditors to enforce a final judgment of the United States District for the District of Hawaii entered on February 3, 1995. That judgment was registered in the Northern District of Texas on April 4, 2005, and the complaint in the Texas action was filed on April 8, 2005. The judgment was registered in the District of Colorado on April 15, 2005, and the complaint in the Colorado action was filed on the same day.

It appears, however, that the judgment was not valid and enforceable at the time of its registration in Texas and Colorado and when the two complaints were filed. Hawaiian law prescribes a strict time limit on the enforceability of judgments under which "[n]o action [for enforcement] shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended." Hawaii Rev. S. Ann. § 657-5. The statute provides that a judgment may be extended for a period not exceeding ten years, but only if such an extension "is sought within ten years of the date the original judgment or decree was rendered."

We have searched relevant court dockets to see if any extension of the judgment was sought and obtained within the statutory time limit, and have found nothing. But as you well know, the record in the Hawaiian litigation is massive and we may have overlooked a

# EXHIBIT 1

COVINGTON & BURLING

Robert A. Swift, Esquire
May 9, 2006
Page Two

relevant extension of the judgment. If that is so, please advise us of the particulars and kindly provide us copies of the pertinent records confirming that the judgment was extended.

If the judgment was not extended, we see no basis for continuation of these lawsuits. We are on the threshold of active discovery and further motions practice, which will be very expensive and impose heavy burdens on defendants. There could be no justification for imposing such costs on the defendants if there is no valid judgment to enforce, and we would expect the parties to agree on a way of promptly terminating the lawsuits. We hope to discuss these issues with you at an early opportunity.

Sincerely,

Eugene D. Gulland