IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| MARIANO J. PIMENTEL, on behalf of himself and a Class of Judgment Creditors of the Estate of Ferdinand E. Marcos, | § § § § | |
| PLAINTIFF, | § § | |
| v. | § § § | C.A. No. 4-05CV-234-Y |
| B.N. DEVELOPMENT COMPANY, INC.; ELLESMERE INVESTMENT CORPORATION, INC.; JASON DEVELOPMENT COMPANY, INC.; LANGLEY INVESTMENT CORPORATION, INC.; PENDER INVESTMENT CORPORATION, INC.; REVELSTOKE INVESTMENT CORPORATION, INC.; and VERNON INVESTMENT CORPORATION, INC., | § § § § § § § § § § § | |
| DEFENDANTS. | § | |

## FIRST AMENDED ANSWER

Defendants B.N. Development Company, Inc. ("B.N."), Ellesmere Investment Corporation, Inc. ("Ellesmere"), Jason Development Company, Inc. ("Jason"), Langley Investment Corporation, Inc. ("Langley"), Pender Investment Corporation, Inc. ("Pender"), Revelstoke Investment Corporation, Inc. ("Revelstoke"), and Vernon Investment Corporation, Inc. ("Vernon"), in response to Plaintiff's Complaint, state as follows:

### As to Nature Of Action, Jurisdiction And Venue

1. Paragraph 1 contains Plaintiff's characterization of his claims to which no answer is required; to the extent an answer is required, Defendants deny the allegations therein, except admit that Plaintiff purports to bring this action as a class action.

2. Paragraph 2 asserts legal conclusions to which no answer is required; to the extent an answer is required, Defendants deny knowledge or information sufficient to form a

HOUSTON: 022087.00001: 1083353v1

# EXHIBIT 4

belief as to the truth or falsity of the allegations relating to Plaintiff's citizenship or residence, but admit that Defendants are citizens of Delaware and Texas and that the amount in controversy exceeds $100,000. The remainder of the allegations as to subject matter jurisdiction in Paragraph 2 are otherwise denied.

3. Paragraph 3 asserts legal conclusions to which no answer is required; to the extent an answer is required, Defendants admit that Defendants or their subsidiaries or affiliated companies own real property in the Northern District of Texas.

## As to Parties

4. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 4. The remaining allegations in Paragraph 4 assert legal conclusions to which no answer is required; to the extent an answer is required, Defendants state that the record of any proceedings against Ferdinand E. Marcos, including the decision in *Hilao v. Estate of Ferdinand E. Marcos*, 103 F.3d 767 (9th Cir. 1996), speaks for itself, and no answer is required as to it. Defendants otherwise deny the allegations in Paragraph 4.

5. The allegations in Paragraph 5 assert legal conclusions to which no answer is required; to the extent an answer is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

6. Defendants deny the allegations in Paragraph 6, except admit that B.N. is a Texas corporation and owns the approximately 210-acre and 754-acre tracts of real property described in Exhibit B to Plaintiff's Complaint, which were conveyed to Breton Property Corporation, N.V., on or around May 23, 1978 and May 5, 1977, respectively. Defendants further state that B.N. is a subsidiary of Breton Property Corporation, Inc., which was domesticated from Breton Property Corporation, N.V., a Netherlands Antilles corporation.

2

7. Defendants deny the allegations in the second Paragraph 6, except admit that Ellesmere owns approximately 339 acres of real property described in Exhibit C to Plaintiff's Complaint, holds a Certificate of Authority to conduct business in Texas, and was domesticated from Ellesmere Investment Corporation, N.V., a Netherlands Antilles corporation. Defendants further state that Ellesmere is a Delaware corporation.

8. Defendants deny the allegations in Paragraph 7, except admit that Jason is a Texas corporation and owns approximately 605 acres of real property described in Exhibit D to Plaintiff's Complaint. Defendants further admit that Jasonville Investment Corporation, Inc., was domesticated from Jasonville Investment Corporation, N.V. (a Netherlands Antilles corporation), which acquired real property described in Exhibit D in or around 1985, and further state that Jason is a subsidiary of Jasonville Investment Corporation, Inc.

9. Defendants deny the allegations in Paragraph 8, except admit that Langley holds a Certificate of Authority to conduct business in Texas, was domesticated from Langley Investment Corporation, N.V., (a Netherlands Antilles corporation), and owns approximately 360 acres of real property described in Exhibit E to Plaintiff's Complaint. Defendants further state that Langley is a Delaware corporation.

10. Defendants deny the allegations in Paragraph 9, except admit that Pender is a Delaware corporation, was domesticated from Pender Investment Corporation, N.V. (a Netherlands Antilles corporation), and holds a Certificate of Authority to conduct business in Texas. Defendants further state that Pender is the parent corporation of Pendev Company, Inc., which previously owned approximately 875 acres of real property described in Exhibit F to Plaintiff's Complaint.

11. Defendants deny the allegations in Paragraph 10, except admit that Revelstoke is a Delaware corporation, was domesticated from Revelstoke Investment Corporation, N.V. (a Netherlands Antilles corporation), holds a Certificate of Authority to conduct business in Texas, and owns approximately 131 acres of real property described in Exhibit G to Plaintiff's Complaint.

12. Defendants deny the allegations in Paragraph 11, except admit that Vernon was domesticated from Vernon Investment Corporation, N.V. (a Netherlands Antilles corporation), and holds a Certificate of Authority to conduct business in Texas. Defendants further state that Vernon previously owned approximately 946 acres of real property described in Exhibit H to Plaintiffs' Complaint.

## As to Class Certification

13. Defendants deny the allegations in Paragraph 12, except admit that Plaintiff purports to bring this action on his own behalf and as a class action and to define a putative class.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13, except admit that Plaintiff purports to bring this action as a class action.

15. Paragraph 14 asserts legal conclusions to which no answer is required.

16. Paragraph 15 asserts legal conclusions to which no answer is required; to the extent an answer is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15, except admit that Plaintiff purports to bring this action as a class action.

17. Paragraph 16 asserts legal conclusions to which no answer is required.

18. Paragraph 17 asserts legal conclusions to which no answer is required; to the extent an answer is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, except admit that Plaintiff purports to bring this action as a class action.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, except admit that Plaintiff purports to bring this action as a class action.

20. Paragraph 19 asserts legal conclusions to which no answer is required.

21. Paragraph 20 asserts legal conclusions to which no answer is required.

### As to Cause of Action

22. Defendants admit the allegations in Paragraph 21.

23. Defendants admit the allegations in Paragraph 22.

24. Defendants deny the allegations in Paragraph 23, except admit that Mr. Campos consulted with President Marcos on investments in property located outside North America.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24.

26. Defendants deny the allegations in Paragraph 25.

27. Defendants deny the allegations in Paragraph 26, and further state that B.N. holds approximately 754-acre and 210-acre tracts of real property described in Exhibit B to Plaintiff's Complaint, and that those properties were purchased by a trustee of Breton Property Corporation, N.V., on or around May 5, 1977, and May 23, 1978, respectively. Defendants further state that those properties were conveyed to Breton Property Corporation, N.V., on or around June 9, 1977 and May 23, 1978, respectively.

28. Defendants deny the allegations and characterizations in Paragraph 27, except admit that approximately 946 acres of real property described in Exhibit H to Plaintiff's Complaint were purchased by a trustee of Vernon Investment Corporation, N.V., on or around September 21, 1977, and were conveyed to Vernon Investment Corporation, N.V., on or around that same day.

29. Defendants deny the allegations and characterizations in Paragraph 28, and further state that approximately 846 acres of real property described in Exhibit F to Plaintiff's Complaint were purchased by a trustee of Pender Investment Corporation, N.V., on or around July 31, 1978, and rights to that purchase were conveyed to Pender Investment Corporation, N.V., on or around July 28, 1978.

30. Defendants deny the allegations in Paragraph 29, except admit that approximately 340 acres of real property described in Exhibit C to Plaintiff's Complaint were purchased by a trustee of Ellesmere Investment Corporation, N.V., on or around September 11, 1978, and were conveyed to Ellesmere Investment Corporation, N.V., on or around November 2, 1978.

31. Defendants deny the allegations and characterizations in Paragraph 30, except admit that approximately 357 acres of real property described in Exhibit E to Plaintiff's Complaint were purchased by a trustee of Langley Investment Corporation, N.V., on or around November 28, 1978, and rights under the contract of sale were assigned and transferred to Langley Investment Corporation, N.V., on or around December 28, 1978.

32. Defendants deny the allegations and characterizations in Paragraph 31, except admit that approximately 133 acres of real property described in Exhibit G to Plaintiff's Complaint were purchased by a trustee of Revelstoke Investment Corporation, N.V., on or

around February 26, 1980, and were conveyed to Revelstoke Investment Corporation, N.V., on or around April 15, 1980.

33. Defendants deny the allegations and characterizations in Paragraph 32, and further state that approximately 605 acres of real property described in Exhibit H to Plaintiff's Complaint were purchased by a trustee of Jasonville Investment Corporation, N.V., on or around July 23, 1985, were transferred to Jasonville Investment Corporation, N.V., subsequent to that date, and were conveyed to Jason on or around December 19, 2001.

34. Defendants deny the allegations in Paragraph 33.

35. Defendants admit the allegations in Paragraph 34 that Campos asserted ownership interests in the properties at issue through defendant corporations or their predecessors, but deny that President Marcos or the Marcos Estate were ever beneficial owners.

As to the "WHEREFORE" clause on page 6 of Plaintiff's Complaint, Defendants deny that Plaintiff (and/or his putative class) is entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim on which relief can be granted.

### Second Defense

Some or all of Plaintiff's (and the putative class members') claims are barred by the act of state doctrine.

### Third Defense

Some or all of Plaintiff's (and the putative class members') claims are barred by the doctrine of laches.

7

### Fourth Defense

Some or all of Plaintiff's (and the putative class members') claims are barred by res judicata and/or collateral estoppel.

### Fifth Defense

Plaintiff (and the putative class members) lacks standing to bring some or all of his claims.

### Sixth Defense

Some or all of Plaintiff's (and the putative class members') claims are barred by the applicable statutes of limitations.

### Seventh Defense

Some or all of Plaintiff's (and the putative class members') claims are barred by the doctrines of waiver and/or equitable estoppel.

### Eighth Defense

Some or all of Plaintiff's (and the putative class members') claims are barred for failure to join indispensable parties.

### Ninth Defense

This Court lacks subject-matter jurisdiction to hear Plaintiff's (and the putative class members') claims.

### Tenth Defense

Some or all of Plaintiff's (and the putative class members') claims are barred by the doctrines of prescription and/or adverse possession.

### Eleventh Defense

Some or all of Plaintiff's (and the putative class members') claims are barred in whole or in part by the doctrine of offset.

### Twelfth Defense

While denying that Plaintiff (and the putative class members) is entitled to any relief whatsoever, Plaintiff's (and the putative class members') claims for equitable relief are barred because Plaintiff (and the putative class members) has an adequate remedy at law.

### Thirteenth Defense

Plaintiff's (and the putative class members') claims are barred by the probate laws and procedures under Philippine law.

Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to further amend their answer to assert any such defense.

WHEREFORE, Defendants respectfully request that the Court dismiss the Complaint in its entirety with prejudice and award Defendants their costs and disbursements, including attorneys' fees, incurred in defending this action together with such other relief as the Court deems just and proper.

### JURY DEMAND

Defendants demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

HOUSTON: 022087.00001: 1083353v1

                                        Respectfully submitted,

                                        s/Janet E. Militello
                                        Janet E. Militello
                                        LOCKE LIDDELL & SAPP LLP
                                        3400 JPMorgan Chase Tower
                                        600 Travis Street
                                        Houston, TX 77002
                                        (713) 226-1208

                                        Eugene D. Gulland
                                        Peter D. Trooboff
                                        Neil K. Roman
                                        Joshua D. Greenberg
                                        COVINGTON & BURLING
                                        1201 Pennsylvania Avenue, NW
                                        Washington, DC 20004
                                        (202) 662-5846

April 11, 2006                               *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of April, 2006, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Robert A. Swift, Kohn, Swift & Graf, P.C., One South Broad Street, Suite 2100, Philadelphia, PA 19107; W. Kelly Puls, Brant C. Martin, Puls, Taylor & Woodson, LLP, 2600 Airport Freeway, Fort Worth, TX 76111.

10

HOUSTON: 022087.00001: 1083353v1

I further certify that I have served the foregoing document by mailing a copy to the following individuals: Sherry P. Broder, Attorney at Law - A Law Corporation, Davies Pacific Center, 841 Bishop Street, Suite 800, Honolulu, HI 96813.

s/Janet E. Militello<br>
Janet E. Militello