IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| MARIANO J. PIMENTEL, on behalf of himself and a Class of Judgment Creditors of the Estate of Ferdinand E. Marcos, | § § § § | |
| PLAINTIFF, | § § | |
| v. | § § § | C.A. No. 4-05CV-234-Y |
| B.N. DEVELOPMENT COMPANY, INC.; ELLESMERE INVESTMENT CORPORATION, INC.; JASON DEVELOPMENT COMPANY, INC.; LANGLEY INVESTMENT CORPORATION, INC.; PENDER INVESTMENT CORPORATION, INC.; REVELSTOKE INVESTMENT CORPORATION, INC.; and VERNON INVESTMENT CORPORATION, INC., | § § § § § § § § § § | |
| DEFENDANTS. | § | |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND AN EXPEDITED RULING THEREON AND SUPPORTING MEMORANDUM OF LAW

HOUSTON: 022087.00001: 1096924v2

**EXHIBIT 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| MARIANO J. PIMENTEL, on behalf of himself and a Class of Judgment Creditors of the Estate of Ferdinand E. Marcos,<br><br>PLAINTIFF,<br><br>v.<br><br>B.N. DEVELOPMENT COMPANY, INC.; ELLESMERE INVESTMENT CORPORATION, INC.; JASON DEVELOPMENT COMPANY, INC.; LANGLEY INVESTMENT CORPORATION, INC.; PENDER INVESTMENT CORPORATION, INC.; REVELSTOKE INVESTMENT CORPORATION, INC.; and VERNON INVESTMENT CORPORATION, INC.,<br><br>DEFENDANTS. | § § § § § § § § § § § § § § § § § § § § | C.A. No. 4-05CV-234-Y |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND AN EXPEDITED RULING THEREON

Defendants B.N. Development Company, Inc., Ellesmere Investment Corp., Inc; Jason Development Company, Inc., Langley Investment Corporation, Inc., Pender Investment Corporation, Inc., Revelstoke Investment Corporation, Inc., and Vernon Investment Corporation, Inc. (collectively, "Defendants"), by and through counsel, move this Court pursuant to Federal Rule of Civil Procedure 12(c) to grant judgment for Defendants on all claims asserted by Plaintiff Mariano J. Pimentel. In support of this motion, Defendants respectfully refer the Court to the attached Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings.

2

An expedited ruling on this motion would obviate the need for the Court to resolve other, more complicated dispositive motions – including a motion based on the act of state doctrine – after discovery.

To promote judicial efficiency and save the parties from bearing unnecessary costs, Defendants request that the Court resolve this simple, dispositive motion before the commencement of any deposition – a particularly compelling consideration here given that witnesses are scattered in many countries, including the Philippines and China. Indeed, Defendants are already being burdened with wide-ranging discovery regarding claims that are time-barred.

This motion should not take long to resolve. The applicable statutes of limitations plainly render the Complaint time-barred. The parties have conferred on this issue but have been unable to resolve it.

WHEREFORE, Defendants request that the Court:

1. Resolve Defendants' Motion before any deposition in this litigation occurs.

2. Grant Defendants' Motion and enter judgment in favor of Defendants on all claims asserted by Plaintiff;

3. Dismiss the Complaint with prejudice;

4. Require that Plaintiff, within five (5) business days of the entry of judgment, execute and file a Cancellation and Release of Lis Pendens for each notice of lis pendens that has been filed in relation to this lawsuit;

5. Grant Defendants such other and further relief as the Court may deem proper.

          Respectfully submitted,

          s/Janet E. Militello
          Janet E. Militello
          Neale Shields
          LOCKE LIDDELL & SAPP LLP
          3400 JPMorgan Chase Tower
          600 Travis Street
          Houston, TX 77002
          (713) 226-1208

          Eugene D. Gulland
          Peter D. Trooboff
          Neil K. Roman
          Joshua D. Greenberg
          COVINGTON & BURLING
          1201 Pennsylvania Avenue, NW
          Washington, DC 20004
          (202) 662-5846

June 15, 2006           *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| MARIANO J. PIMENTEL, on behalf of himself and a Class of Judgment Creditors of the Estate of Ferdinand E. Marcos, <br><br> PLAINTIFF, <br><br> v. <br><br> B.N. DEVELOPMENT COMPANY, INC.; ELLESMERE INVESTMENT CORPORATION, INC.; JASON DEVELOPMENT COMPANY, INC.; LANGLEY INVESTMENT CORPORATION, INC.; PENDER INVESTMENT CORPORATION, INC.; REVELSTOKE INVESTMENT CORPORATION, INC.; and VERNON INVESTMENT CORPORATION, INC., <br><br> DEFENDANTS. | § § § § § § § § § § § § § § § § § § § | C.A. No. 4-05CV-234-Y |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND AN EXPEDITED RULING THEREON

This lawsuit seeks partial satisfaction of a money judgment rendered against the Marcos Estate in the U.S. District Court for the District of Hawaii on February 3, 1995 (the "Hawaiian Judgment") (Compl. ¶¶ 1, 4). As a clear matter of law, the action is barred by the ten-year statute of limitations prescribed by Tex. Civ. Prac. & Rem. Code § 16.066(a).

The law of the forum state – Texas – determines the applicable limitations period in this action to enforce the Hawaiian Judgment. *See Home Port Rentals, Inc. v. Int'l Yachting Group, Inc.*, 252 F.3d 399, 408 & n.23 (5th Cir. 2001). Whether this action is viewed as arising under 28 U.S.C. § 1963 and/or Federal Rule of Civil Procedure 69(a), or as an independent action to collect the Hawaiian Judgment, "enforcement proceedings following registration are

HOUSTON: 022087.00001: 1096924v2

governed exclusively by the limitation rules of the state in which the registration district is situated, as they would be applied to a judgment-on-judgment of the registration court." *Id.*

Texas law provides that "[a]n action on a foreign judgment is barred in [Texas] if the action is barred under the laws of the jurisdiction where rendered." Tex. Civ. Prac. & Rem. Code § 16.066(a). Enforcement of the Hawaiian Judgment is therefore barred by Hawaiian law, which provides that "unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered," and no enforcement action can lie. Haw. Rev. Stat. § 657-5.[1] The law allows one ten-year extension of the judgment, but categorically provides that "[n]o extension . . . shall be granted unless the extension is sought within ten years of the date the original judgment . . . was rendered." *Id.*; *see also Int'l Sav. & Loan Ass'n v. Wiig*, 921 P.2d 117, 119 (Haw. 1996) ("HRS § 657-5 places the burden on the judgment creditor to seek judicial extension of the judgment prior to the expiration of the ten year statutory period; otherwise, the judgment is presumed to be 'paid and discharged' *as a matter of law*.") (emphasis added).

During the ten years after entry of the Hawaiian Judgment on February 3, 1995, Plaintiff failed to seek an automatic 10-year extension. (*See* Ex. A at p.1 of the Appendix in

---

[1] The full text of Haw. Rev. Stat. § 657-5 provides:

Unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered. No action shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended. No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered. A court shall not extend any judgment or decree beyond twenty years from the date of the original judgment or decree. No extension shall be granted without notice and the filing of a non-hearing motion or a hearing motion to extend the life of the judgment or decree.

2

support hereof.)² The Hawaiian Judgment therefore is conclusively "presumed to be paid and discharged" because "the plain language of HRS § 657-5 clearly mandates that all judgments and decrees be deemed extinguished after ten years unless timely renewed." *Wiig*, 921 P.2d at 119. Plaintiff registered the Hawaiian Judgment in this Court and filed his complaint in April 2005. (Compl. ¶ 4; Cert. of Judgment for Registration in Another Dist. (Ex. B at p.359 of the Appendix).)³ But the Hawaiian Judgment had already expired on February 3, 2005, so Plaintiff's tardy registration was without effect. *See Home Port Rentals*, 252 F.3d at 408 (an action to enforce a judgment must be initiated "before the expiration" of the limitations period); *Juneau v. Couvillion*, 148 F.R.D. 558, 559-61 (W.D. La. 1993) (where judgment rendered by the Southern District of Mississippi "was extinguished under Mississippi statute by the lapse of [the limitations period]," plaintiff's tardy registration of the judgment in the Western District of Louisiana "d[id] not magically revive" it).

## CONCLUSION

Because this action is manifestly time-barred under the relevant Texas and Hawaii statutes, Defendants are entitled to judgment as a matter of law.

---

²     Exhibit A is a true and correct copy of the docket entries in *In re Ferdinand E. Marcos Human Rights Litigation*, MDL No. 840 (D. Haw.).

³     The registration is part of the pleadings for purposes of this 12(c) motion because it is "referred to in" the Complaint and is "central to' Plaintiff's claim. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). It is also cognizable because, as a "document[ ] in the public record," it is subject to judicial notice. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 639 n.2 (5th Cir. 2005); *see also* Docket Entry No. 44 at 4 n.1.

                            Respectfully submitted,

                            s/Janet E. Militello
                            Janet E. Militello
                            Neale Shields
                            LOCKE LIDDELL & SAPP LLP
                            3400 JPMorgan Chase Tower
                            600 Travis Street
                            Houston, TX 77002
                            (713) 226-1208

                            Eugene D. Gulland
                            Peter D. Trooboff
                            Neil K. Roman
                            Joshua D. Greenberg
                            COVINGTON & BURLING
                            1201 Pennsylvania Avenue, NW
                            Washington, DC 20004
                            (202) 662-5846

June 15, 2006                             *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2006, I electronically filed Defendants' Motion for Judgment on the Pleadings and an Expedited Ruling Thereon and Supporting Memorandum of Law with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Robert A. Swift, Kohn, Swift & Graf, P.C., One South Broad Street, Suite 2100, Philadelphia, PA 19107; W. Kelly Puls, Brant C. Martin, Puls, Taylor & Woodson, LLP, 2600 Airport Freeway, Fort Worth, TX 76111.

HOUSTON: 022087.00001: 1096924v2

I further certify that I have served the foregoing document by mailing a copy to the following individuals: Sherry P. Broder, Attorney at Law - A Law Corporation, Davies Pacific Center, 841 Bishop Street, Suite 800, Honolulu, HI 96813; Jon M. Van Dyke, 2525 Dole Street, Honolulu, HI 96822.

s/Janet E. Militello<br>
Janet E. Militello

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| MARIANO J. PIMENTEL, on behalf of himself and a Class of Judgment Creditors of the Estate of Ferdinand E. Marcos, | § § § § | |
| PLAINTIFF, | § § | |
| v. | § § | C.A. No. 4-05CV-234-Y |
| | § § | |
| B.N. DEVELOPMENT COMPANY, INC.; ELLESMERE INVESTMENT CORPORATION, INC.; JASON DEVELOPMENT COMPANY, INC.; LANGLEY INVESTMENT CORPORATION, INC.; PENDER INVESTMENT CORPORATION, INC.; REVELSTOKE INVESTMENT CORPORATION, INC.; and VERNON INVESTMENT CORPORATION, INC., | § § § § § § § § § | |
| DEFENDANTS. | § | |

## (PROPOSED) ORDER

This matter having come before the Court upon Defendants' Motion for Judgment on the Pleadings and an Expedited Ruling Thereon, and the Court having considered the papers submitted regarding this Motion and any arguments of counsel on the Motion, the Court hereby finds:

1. Plaintiff obtained a judgment in the U.S. District Court for the District of Hawaii on February 3, 1995;

2. Under the applicable Hawaii law, that judgment expired on February 3, 2005;

HOUSTON: 022087.00001: 1096924v2

3. Plaintiff did not register the Hawaii judgment in Texas or seek enforcement of the judgment in Texas until after the Hawaii judgment expired; and

4. Under Texas law, Plaintiff's claims are therefore barred.

**THEREFORE**, it is this __ day of _____, 2006 **ORDERED** that Defendants' Motion for Judgment on the Pleadings and an Expedited Ruling Thereon is hereby granted; and

**IT IS FURTHER ORDERED** that judgment is hereby entered in favor of Defendants on all of Plaintiff's claims; and

**IT IS FURTHER ORDERED** that Plaintiff shall, within five (5) business days of the entry of this Order, execute and file a Cancellation and Release of Lis Pendens for each notice of lis pendens that has been filed in relation to this lawsuit.

_____
Terry R. Means, U.S.D.J.

HOUSTON: 022087.00001: 1096924v2