IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In Re:<br><br>ESTATE OF FERDINAND E. MARCOS HUMAN RIGHTS LITIGATION | MDL NO. 840<br>No. 86-390<br>No. 86-330<br><br>MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION |
| THIS DOCUMENT RELATES TO:<br><br>Hilao, et al. v. Estate of Ferdinand E. Marcos,<br>And<br>De Vera, et al. v. Estate of Ferdinand E. Marcos | |

## **MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION**

B.N. Development Co., Inc., Ellesmere Investment Corp., Inc., Jason Development Co., Inc., Langley Investment Corp., Inc., Pender Investment Corp., Inc., Revelstoke Investment Corp., Inc., and Vernon Investment Corp., Inc. (collectively, "the Corporations") apply to this Court for an extension of the June 26, 2006 hearing date on the Class Motion for Extension of Judgment ("Class Extension Motion"). The Corporations also request expedited consideration of their Unopposed Motion to Intervene, which was also filed today. The Corporations seek to intervene in this case to oppose the Class Extension Motion because the outcome of that motion may affect the statute of limitations defense

1433635.1

that they have asserted in a Texas action seeking to enforce that judgment. Although the Class Extension Motion was filed for the specific purpose of impairing the Corporations' defense of a lawsuit filed in Texas by one of the Class Plaintiffs, Class Counsel did not serve the Corporations and advised counsel of their motion only after the time to respond had expired.  The relief requested in this Application is required to give the Corporations a meaningful opportunity to defend their interests by participating in the decision on the Class Extension Motion that was targeted at the Corporations.

## STATEMENT OF FACTS

The same class that obtained a judgment against the Estate of former Philippine President Ferdinand Marcos in this action on February 3, 1995 (the "Class") sued the Corporations on April 8, 2005 in the Northern District of Texas (the "Texas action").  (*See* Declaration of Eugene D. Gulland ("Gulland Decl.") ¶ 6, and Exhibit 3 thereto (Compl., *Pimentel v. B.N. Dev. Co., et al.*, No. 04-cv-00234 (N.D. Tex.).)  In that suit, the Class seeks execution on its judgment, alleging that certain real property owned by the Corporations is actually owned for the benefit of the Marcos Estate.  (*See id.*)  The Corporations have denied that the Marcos Estate has any interest in the properties and have alleged several affirmative defenses, including the statute of limitations.  (*See* Gulland Decl. ¶

2

7 and Exhibit 4 thereto (Defs.' First Am. Answer, *Pimentel v. B.N. Dev. Co., et al.*, No. 04-cv-00234 (N.D. Tex.).)

The Corporations' statute of limitations defense is based in part on the Class's failure to move to extend their judgment within the period prescribed by Hawaii law.  On May 9, 2006, counsel for the Corporations notified Class Counsel of the Corporations' belief that Tex. Civ. Prac. & Rem. Code § 16.066(a), which provides that a foreign judgment is unenforceable in Texas if it is unenforceable in the place it was issued, bars the Class's claims in the Texas action.  (*See* Gulland Decl. ¶ 2 and Exhibit 1 thereto (May 9, 2006 Letter from Eugene D. Gulland, Esq. to Robert A. Swift, Esq.).)  Specifically, counsel for the Corporations informed Class Counsel of their belief that because the Class did not move to extend its judgment in this Court within the ten-year period provided by Haw. Rev. Stat. § 657-5, the judgment in this action had expired and therefore was not enforceable in Texas when the Class filed its complaint there.  (*Id.*)  Class Counsel responded on May 26, 2006, disagreeing with the Corporations' position but failing to point to any extension of the judgment.  (*See* Gulland Decl. ¶ 3 and Exhibit 2 thereto (May 26, 2006 Letter from Robert A. Swift, Esq. to Eugene D. Gulland, Esq.).)  The Corporations filed a motion for judgment on the pleadings in the Texas action on June 15, 2006.  (*See* Gulland Decl. ¶ 8 and Exhibit 5 thereto (Defs.' Mot. for J. on the Pleadings, *Pimentel v. B.N. Dev. Co., et al.*, No. 04-cv-00234 (N.D. Tex.).)

Although Class Counsel was corresponding with counsel for the Corporations on this precise issue, the Class filed its Class Extension Motion on June 5, 2006 in this Court without notifying or serving counsel for the Corporations. *It was not until June 19, 2006 -- the day after the deadline for opposing the Class Extension Motion -- that Class Counsel informed counsel for the Corporations of the filing it had made two weeks earlier.* (Gulland Decl. ¶ 4.) Class Counsel has agreed that the Corporations may intervene to oppose the Class Extension Motion, but has refused to agree to an extension that would permit the Corporations to submit a proper opposition to the motion and to appear at a hearing on the matter. (*Id.* ¶ 5.)

### ARGUMENT

As the Corporations' Motion to Intervene and supporting memorandum demonstrate, the Corporations have a particular interest in the correct resolution of the Class Extension Motion, since they have filed a motion for judgment on the pleadings in Texas based in part on the Hawaii law that the Class argues permits renewal of its judgment.

The current timetable for the resolution of the Class Extension Motion, however, fails to protect the Corporations' interest by giving them a meaningful opportunity to be heard. The deadline for filing replies to the Class Extension Motion has already passed, without any oppositions filed. Despite

notifying Class Counsel on May 9, 2006 of their intention to raise the statute of limitations defense, the Corporations were not notified of the Class's motion until June 19, 2006, after the deadline had run. The Corporations therefore will not be able to provide meaningful briefing before oral argument on June 26, and will not be able to present argument at the hearing on the motion on such short notice. The consent of Class Counsel to the Corporations' intervention will be ineffective unless the Corporations are allowed sufficient time to contest the Class Extension Motion. The Corporations do not seek undue delay of proceedings on that motion -- indeed, they propose a 10-day deadline but would be prepared to file an opposition as early as June 30, eleven days after they first learned of the Class Extension Motion. (*See* Gulland Decl. ¶ 5.)

Therefore, the Court should decide the Corporations' motion to intervene (which the Class does not oppose) forthwith, and should also extend the hearing date on the Class Extension Motion.[1] These actions would allow the Corporations to provide meaningful briefing and argument on the Class Extension Motion. Such briefing and argument is necessary to give proper weight to the Corporations' interest in the resolution of that motion. *See Bates v. Jones*, 127

---

[1] Alternatively, the Court could provide a grace period pursuant to Local Rule 6.2 for the Corporations to file a motion seeking an extension, although the Corporations respectfully suggest that such a motion is unnecessary in light of their filings today.

F.3d 870, 873-74 (9th Cir. 1997) (allowing intervention was imperative and in the public interest to protect rights of intervenors); *Sierra Club v. EPA*, 995 F.2d 1478, 1483 (9th Cir. 1993) (reversing denial of motion to intervene and stating that the "adversary process *requires* that we hear from both sides before the interests of one side are impaired by a judgment" (emphasis added)). Therefore, in the interest of a just outcome, the Court should grant this Application.

Dated: Honolulu, Hawaii, June 22, 2006.

/s/ Thomas Benedict
THOMAS BENEDICT

Attorney for Proposed Intervenors
B.N. DEVELOPMENT CO., INC.,
ELLESMERE INVESTMENT CORP.,
INC., JASON DEVELOPMENT CO.,
INC. LANGLEY INVESTMENT
CORP., INC. PENDER INVESTMENT
CORP., INC., REVELSTOKE
INVESTMENT CORP., INC. and
VERNON INVESTMENT CORP.,
INC.