IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In Re:<br><br>ESTATE OF FERDINAND E.<br>MARCOS HUMAN RIGHTS<br>LITIGATION | MDL NO. 840<br>No. 86-390<br>No 86-330<br><br>DECLARATION OF EUGENE D.<br>GULLAND; EXHIBITS 1-5 |
| THIS DOCUMENT RELATES TO:<br><br>Hilao, et al. v. Estate of Ferdinand E. Marcos,<br>And<br>De Vera, et al. v. Estate of Ferdinand E. Marcos | |

## DECLARATION OF EUGENE D. GULLAND

I, Eugene D. Gulland, hereby declare:

1. I am a partner in the law firm of Covington and Burling, 1201 Pennsylvania Avenue NW, Washington, DC 20004. I am one of the counsel for B.N. Development Co., Inc., Ellesmere Investment Corp., Inc., Jason Development Co., Inc., Langley Investment Corp., Inc., Pender Investment Corp., Inc., Revelstoke Investment Corp., Inc., and Vernon Investment Corp., Inc. (the "Corporations") in *Pimentel v. B.N. Development Corp., et al.*, No. 04-cv-00234 (N.D. Tex.) (the "Texas action"). I make this declaration in support of (1) the Corporations' Unopposed Motion to Intervene in this action; and (2) the

1433629.1

Corporations' *Ex Parte* Application for Extension of June 26 Hearing Date on Class Motion to Extend Judgment and for Expedited Consideration of Unopposed Motion to Intervene. Unless otherwise noted, this declaration is made based on my personal knowledge.

2. On May 9, 2006, I contacted Robert Swift, counsel for the Plaintiff Class in this action and in the Texas action ("Class Counsel"), by letter. My letter apprised Class Counsel of the Corporations' belief that his claims in the Texas action are barred by the applicable statute of limitations governing enforcement of foreign judgments in Texas, Tex. Civ. Prac. & Rem. Code § 16.066(a). Specifically, I informed Class Counsel of the Corporations' belief that because Haw. Rev. Stat. § 657-5 provides a ten-year period for moving to extend judgments and Class Counsel had not moved to extend the judgment in this case within that period, Tex. Civ. Prac. & Rem. Code § 16.066(a) barred the Class's claims to enforce a judgment that was not enforceable in Hawaii. Attached hereto as Exhibit 1 is a true and correct copy of said letter.

3. On May 26, 2006, Class Counsel responded by letter, asserting that the failure to move to extend the Class's judgment within ten years after its entry does not preclude the Class's claims in the Texas action. Attached hereto as Exhibit 2 is a true and correct copy of said letter.

4. On June 19, 2006, after the Corporations filed a motion for judgment on the pleadings in the Texas action based on their statute of limitations defense, Class Counsel informed me by telephone that the Class had filed a Motion for Extension of Judgment in this Court ("Class Extension Motion"). Even though we had corresponded and spoken by telephone regarding the Corporations' statute of limitations defense, Class Counsel did not advise me or my colleagues of this filing before June 19. Therefore, the Corporations were unable to file a motion for intervention or otherwise oppose the Class Motion for Extension of Judgment before the Court-imposed deadline of June 16, 2006. (Moreover, at the time of the phone call with Class Counsel on June 19, I was in California in business. I did not return to the office until June 22, 2006.)

5. Class Counsel has consented to the intervention of the Corporations in this proceeding in order to oppose the Class Extension Motion, but has refused to agree to an extension of the hearing date. Such an extension would permit the Corporations to submit a proper opposition to the motion and to appear at a hearing on the matter. The Corporations would be ready to file their opposition by Friday, June 30, 2006.

6. Attached hereto as Exhibit 3 is a true and correct copy of the Complaint filed on April 8, 2005, in *Mariano J. Pimentel, et al. v. B.N.*

*Development Company., Inc., et al.,* United States District Court for the Northern District of Texas, Civil Action No. 4-05-CV-234-Y.

    7.    Attached hereto as Exhibit 4 is a true and correct copy of the First Amended Answer filed by Defendants on April 11, 2006, in *Mariano J. Pimentel, et al. v. B.N. Development Company., Inc., et al.,* United States District Court for the Northern District of Texas, Civil Action No. 4-05-CV-234-Y.

    8.    Attached hereto as Exhibit 5 is a true and correct copy of the Defendants' Motion for Judgment on the Pleadings and an Expedited Ruling Thereon and Supporting Memorandum of Law filed on June 15, 2006, in *Mariano J. Pimentel, et al. v. B.N. Development Company., Inc., et al.,* United States District Court for the Northern District of Texas, Civil Action No. 4-05-CV-234-Y.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on this 22nd day of June, 2006.

                                                                     Eugene D. Gulland