ROBERT A. SWIFT
Lead Counsel
Kohn, Swift & Graf, P.C.
1 South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone No: (215) 238-1700
rswift@kohnswift.com

Sherry P. Broder 1880
Attorney at Law – A Law Corporation
Davies Pacific Center
841 Bishop Street, Suite 800
Honolulu, Hawaii 96813
Telephone No: (808) 531-1411
broder@hawaii.rr.com

Attorneys for Plaintiff Class

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| IN RE:<br><br>ESTATE OF FERDINAND E. MARCOS<br>HUMAN RIGHTS LITIGATION | MDL NO. 840<br>No. 86-390<br>No. 86-330 |
| THIS DOCUMENT RELATES TO:<br><br>Hilao et al v. Estate of Ferdinand E. Marcos,<br>       and<br>DeVera et al v. Estate of Ferdinand E. Marcos. | PLAINTIFFS' MEMORANDUM SUR MOTION TO INTERVENE OF B.N. DEVELOPMENT CO., INC.<br><br>JUDGE : MANUEL L. REAL<br>DATE: June 26, 2006<br>TIME: 10 am |

### PLAINTIFFS' MEMORANDUM SUR MOTION TO INTERVENE OF B.N. DEVELOPMENT CO., INC. ET AL.

The Plaintiff Class submits this memorandum in response to the Motion to Intervene filed by B.N. Development Co., Inc. et al. The Plaintiff Class does not oppose permissive

20876_1

intervention pursuant to Fed.R.Civ.P. 24(b) by these entities for the purpose of contesting the Motion for Extension of Judgment since these entities have **subsequently** raised a common issue in a proceeding between the Plaintiff and these entities in a Texas proceeding. However, a permissive intervenor may not use its intervention as a means of unduly delaying or prejudicing the rights of the Plaintiff Class. Accordingly, for the reasons stated below, the Plaintiff Class believes the Court should adjudicate their pending Motion for Extension of Judgment.

I.   **Background**

The Judgment in this action, based on a federal cause of action, was entered by this Court on February 3, 1995. The Judgment did not become final until conclusion of the appeal and entry of a mandate on January 8, 1997. Among other collection proceedings, the Plaintiff Class initiated an action in federal court in Fort Worth, Texas against B.N. Development Co., Inc. and six other entities which are holding property in Texas that is beneficially owned by Ferdinand E. Marcos. The properties were purchased in the late 70's and early 80's at the direction of Jose Campos using funds of Ferdinand E. Marcos. B.N. Development Co., Inc. and the other entities contest the claims of the Plaintiff Class. The federal court in Texas has already denied the defendants' Rule 12 motion and discovery is proceeding.

In early May 2006 counsel for B.N. Development Co., Inc. raised by letter with counsel for the Plaintiff Class the issue of whether the Judgment of February 3, 1995 had expired under Hawaiian law. Class Counsel responded by letter explaining that the statute could not and did not apply to a federal judgment rendered on a federal cause of action. However, Class Counsel decided to file a prophylactic motion with this Court raising the issue against the judgment debtor. That motion was filed on June 5, 2006. No notice was given to B.N. Development Co.,

Inc. because it was not the judgment debtor and had no right to contest the validity of the Judgment.

On June 19 B.N. Development Co., Inc. filed its second Rule 12 motion with the Texas court styled as a Motion for Judgment on the Pleadings raising whether the Judgment had expired under Hawaiian law. It submitted a memorandum of law fully explaining its reasoning why its motion should be granted. *See* Exhibit "A" hereto. The motion asked for "expedited" action by the Texas court – a blatant attempt to prevent this Court from ruling on the Class' already pending Motion. The Plaintiff Class responded by requesting a stay of B.N. Development Co., Inc.'s motion – which counsel for B.N. Development Co., Inc. refused even though Class counsel offered to permit B.N. Development Co., Inc. to intervene in the instant proceeding.

## II.     Argument

### A.     The Plaintiff Class Has No Objection to B.N. Development Co. Inc.'s Permissive Intervention

The Plaintiff Class has no objection to B.N. Development Co. Inc.'s permissive intervention under Fed.R.Civ.P. 24(b) for purposes of contesting the instant Motion. However, it is not entitled to intervene as of right under Fed.R.Civ.P. 24(b). The Judgment does not name B.N. Development Co. Inc. as the judgment debtor and B.N. Development Co. Inc. has no right to collaterally attack the Judgment. Alternatively, if B.N. Development Co. Inc. is entitled to intervene as of right, its intervention cannot be limited. In that case, B.N. Development Co. Inc. will be deemed to have consented to personal jurisdiction, and the Plaintiff Class can assert all its claims in the Texas proceeding in this forum.

20876_1

### B. The Motion to Extend the Judgment is Fully Briefed and Ready for Disposition at the June 26 hearing

It is evident that B.N. Development Co. Inc. is playing games with the Court. Its real purpose in intervening is to delay action on the instant Motion in order to have a Texas court rule on the applicability of a Hawaiian statute. Its submission of a motion for "expedited" action on a Rule 12 motion two weeks after the Class' motion in this Court is an attempt at manipulation. This Court, which sits in Hawaii and entered the Judgment, is in a far better position to rule on the applicability of a Hawaiian statute.

B.N. Development Co. Inc. needs no more time to brief the issue. It already submitted a definitive brief on the issue in the Texas court. See Exhibit "A" attached hereto. B.N. Development Co. Inc. has engaged Hawaiian counsel and that counsel, already familiar with Hawaiian law, can argue the Motion at the June 26 hearing. The fact that attorneys for the Marcos Estate have neither consented to nor opposed the Motion is indicative of their view that the Hawaiian statute is inapplicable to a federal judgment.

Respectfully submitted,

Dated: June 23, 2006

Robert A. Swift
Sherry P. Broder

Class Lead and Liaison Counsel