GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

THOMAS BENEDICT           5018-0
   tbenedict@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorney for Proposed Intervenors
B.N. DEVELOPMENT CO., INC., ELLESMERE
INVESTMENT CORP., INC., JASON
DEVELOPMENT CO., INC., LANGLEY
INVESTMENT CORP., INC., PENDER
INVESTMENT CORP., INC., REVELSTOKE
INVESTMENT CORP., INC., and VERNON
INVESTMENT CORP., INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| In Re: | MDL NO. 840 |
| --- | --- |
| | No. 86-390 |
| | No. 86-330 |
| ESTATE OF FERDINAND E. MARCOS HUMAN RIGHTS LITIGATION | PROPOSED INTERVENORS' RESPONSE TO PLAINTIFFS' MEMORANDUM SUR MOTION TO INTERVENE OF B.N. DEVELOPMENT CO., INC., FILED 6/23/06; CERTIFICATE OF SERVICE |

1434781.1

| | |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>Hilao, et al. v. Estate of Ferdinand E. Marcos,<br>And<br>De Vera, et al. v. Estate of Ferdinand E. Marcos | HEARING:<br>Date: _____<br>Time: _____<br>Judge: Hon. Manuel L. Real |

**PROPOSED INTERVENORS' RESPONSE TO PLAINTIFFS' MEMORANDUM SUR MOTION TO INTERVENE OF B.N. DEVELOPMENT CO., INC., FILED 6/23/06**

Proposed Intervenors B.N. Development Co., Inc., Ellesmere Investment Corp., Inc., Jason Development Co., Inc., Langley Investment Corp., Inc., Pender Investment Corp., Inc., Revelstoke Investment Corp., Inc., and Vernon Investment Corp., Inc. (collectively, "the Corporations"), by and through their counsel, Goodsill Anderson Quinn & Stifel, a Limited Liability Law Partnership LLP, hereby submits its Response to Plaintiffs' Memorandum Sur Motion to Intervene of B.N. Development Co., Inc., filed herein on June 23, 2006, as follows:

Plaintiffs, not the Corporations, are the ones "playing games with the Court." (Pls.' Mem. at 4.) They did not serve or otherwise notify the Corporations of their June 5 motion to "extend" the expired Final Judgment, even though they filed that motion in response to receiving notice from the Corporations that the action against the Corporations in the Northern District of Texas is barred by the Texas statute of limitations (which looks to the Hawaii statute of limitations). The

2

Corporations' 12(c) motion in the Northern District of Texas cannot have been designed "to prevent this Court from ruling" (Pls.' Mem. at 3) on the June 5 motion: the Corporations were not even aware of that motion until a telephone call from Plaintiffs' counsel on June 19 – which was *after* the Corporations' 12(c) motion was filed, and which was timed to notify the Corporations only after the expiration of the deadline for responses to the June 5 motion.

Regardless of the "view" of "attorneys for the Marcos Estate" as to the applicable limitations period (Pls.' Mem. at 4), Plaintiffs' action against the Corporations in the Northern District of Texas is time-barred. The Corporations have the right to intervene in this Court for the limited purpose of opposing Plaintiffs' June 5 motion for an "extension" of the Final Judgment, because the Texas statute looks to the validity of the judgment under Hawaii law.

Plaintiffs necessarily concede that the Corporations may intervene. There is no basis for their assertion that such intervention cannot be limited to opposing the June 5 motion and must operate as a waiver of any objection to personal jurisdiction in this Court with respect to the Texas claims. Courts have consistently held that an intervenor may participate for a limited purpose where – as here – it has specifically requested that its intervention be so limited:

- *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1295 (D.C. Cir. 1980) (movant was permitted to intervene as of right "for the limited purpose of appealing the district court's discovery order").

3

- *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 714 (7th Cir. 2001) (when party was intervening for a limited purpose, it was irrelevant whether party was admitted as intervenors as of right or permissive intervenors).

- *LG Elec. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 366 (N.D. Cal. 2002) (corporation that had "demonstrated that it is entitled to intervene as a matter of right" was granted motion to intervene "for the limited purpose of opposing [a] motion to amend").

Thus, the Corporations do not waive their objection to personal jurisdiction in this Court, and there is no obligation that they agree to do so in order to intervene for the limited purpose of contesting the June 5 motion, which was filed to impair their defenses under Texas law in the Texas action.

There is no basis for Plaintiffs' contention (Pls.' Mem. at 4) that the Corporations should be punished for *Plaintiffs'* forum-shopping by being forced to rely on the Corporations' brief in the Texas case and to rush to prepare for the June 26 hearing, which was scheduled without notice to the Corporations. Nor is there any merit to Plaintiffs' contention that the Corporations should not be entitled to submit an opposition brief because they have filed an initial brief in Texas. The 12(c) motion in Texas does not address the points in Plaintiffs' June 5 motion in this Court, but rather sets forth the Corporations' initial argument for judgment on the pleadings in the Texas case. The Corporations will rebut the points raised in the June 5 motion here, and must be given the opportunity to do so.

5

Furthermore, the Corporations' local counsel cannot be in any position to argue the June 5 motion because he was engaged only on June 22 and has not had any opportunity to become familiar with the case.

Dated: Honolulu, Hawaii, June 23, 2006.

/s/ Thomas Benedict
THOMAS BENEDICT

Attorney for Proposed Intervenors
B.N. DEVELOPMENT CO., INC.,
ELLESMERE INVESTMENT CORP.,
INC., JASON DEVELOPMENT CO.,
INC. LANGLEY INVESTMENT
CORP., INC. PENDER INVESTMENT
CORP., INC., REVELSTOKE
INVESTMENT CORP., INC. and
VERNON INVESTMENT CORP.,
INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In Re:<br><br>ESTATE OF FERDINAND E. MARCOS HUMAN RIGHTS LITIGATION | MDL NO. 840<br>No. 86-390<br>No. 86-330<br><br>CERTIFICATE OF SERVICE |
| THIS DOCUMENT RELATES TO:<br><br>Hilao, et al. v. Estate of Ferdinand E. Marcos,<br>And<br>De Vera, et al. v. Estate of Ferdinand E. Marcos | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was duly served on this date upon the following party(ies) at the address(es) listed below by the means indicated below.

| **Attorney(s)** | **U.S. Mail** | **Hand Delivery** | **ECF** |
|---|---|---|---|
| Robert A. Swift, Esq.<br>rswift@kohnswift.com<br>KOHN, SWIFT & GRAF, P.C.<br>1 South Broad Street, Suite 2100<br>Philadelphia, PA  19107 | | | ☒ |

1434781.1

| Attorney(s) | U.S. Mail | Hand Delivery | ECF |
|---|---|---|---|
| | | | ☒ |
| Sherry P. Broder, Esq.<br>broder@hawaii.rr.com<br>Attorney at Law – A Law Corporation<br>Davies Pacific Center<br>841 Bishop Street, Suite 800<br>Honolulu, Hawaii  96813 | | | |
| Bert T. Kobayashi, Jr., Esq.<br>Lex R. Smith, Esq.<br>lrs@ksglaw.com<br>KOBAYASHI SUGITA & GODA<br>First Hawaiian Center<br>999 Bishop Street Suite 2600<br>Honolulu, HI  96813-3889 | | ☒ | ☒ |
| John Bartko, Esq.<br>BARTKO, ZANKEL, TARRANT & MILLER<br>900 Front Street, Suite 300<br>San Francisco, CA  94111-1427 | ☒ | | |
| James P. Linn, Esq.<br>JAMES P. LINN LAW FIRM PLLC<br>1601 NW Expressway St., # 1710<br>Oklahoma City, OK  73118-1427 | ☒ | | |
| Paul Hoffman, Esq.<br>SCHONBRUN, DE SIMONE, SEPLOW, HARRIS & HOFFMAN<br>723 Oceanfront Walk, Suite 100<br>Venice, CA  90291 | ☒ | | |
| Randall Scarlett, Esq.<br>THE SCARLETT LAW GROUP<br>536 Pacific Avenue<br>San Francisco, CA  94133 | ☒ | | |

2

3

| **Attorney(s)** | **U.S. Mail** | **Hand Delivery** | **ECF** |
|---|---|---|---|
| Stephen V. Bomse, Esq.<br>Richard Cashman, Esq.<br>Rachel M. Jones, Esq.<br>Heller Ehrman LLP<br>333 Bush Street<br>San Francisco, CA 94111 | ☒ | | |
| Carol A. Eblen, Esq.<br>ceblen@goodsill.com<br>Goodsill Anderson Quinn & Stifel LLP<br>1099 Alakea Street, Suite 1800<br>Honolulu, HI 96813 | | | ☒ |
| Matthew J. Viola, Esq.<br>Law Office of Matthew Viola<br>707 Richards Street, Suite 516<br>Honolulu, HI 96813 | | ☒ | |

| **Attorney(s)** | **U.S. Mail** | **Hand Delivery** | **ECF** |
|---|---|---|---|
| Jay R. Ziegler, Esq.<br>Buchalter Nemer<br>1000 Wilshire Blvd, 15th Floor<br>Los Angeles, CA 90017 | ☒ | | |

Dated: Honolulu, Hawaii, June 23, 2006.

  /s/ Thomas Benedict
THOMAS BENEDICT

Attorney for Proposed Intervenors
B.N. DEVELOPMENT CO., INC.,
ELLESMERE INVESTMENT CORP.,
INC., JASON DEVELOPMENT CO.,
INC. LANGLEY INVESTMENT
CORP., INC. PENDER INVESTMENT
CORP., INC., REVELSTOKE
INVESTMENT CORP., INC. and
VERNON INVESTMENT CORP.,
INC.

4