ORIGINAL

ROBERT A. SWIFT
Lead Counsel
Kohn, Swift & Graf, P.C.
1 South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone No: (215) 238-1700
rswift@kohnswift.com

Sherry P. Broder 1880
Attorney at Law – A Law Corporation
Davies Pacific Center
841 Bishop Street, Suite 800
Honolulu, Hawaii 96813
Telephone No: (808) 531-1411
broder@hawaii.rr.com

Attorneys for Plaintiff Class

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 27 2006

at 9 o'clock and 30 min. A M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: | MDL NO. 840 |
| | No. 86-390 |
| ESTATE OF FERDINAND E. MARCOS HUMAN RIGHTS LITIGATION | No. 86-330 |
| THIS DOCUMENT RELATES TO: | |
| Hilao et al v. Estate of Ferdinand E. Marcos, and DeVera et al v. Estate of Ferdinand E. Marcos. | ORDER |

## ORDER

The Court has carefully reviewed the Class Plaintiffs' Motion for Extension of Judgment and the record in this case. The Court finds as follows:

20681_1

1. The Judgment rendered in the above action on February 3, 1995 was not final until issuance of the mandate of the Ninth Circuit was spread on the record of this Court on January 8, 1997.

2. Hawaii Revised State 657-5 provides in "[u]nless an extension is granted, every judgment and decree of any court of the state shall be presumed paid and discharged at the expiration of ten years after the judgment or decree was rendered." The statute also provides that a court may extend the ten year period for an additional ten years.

3. HRS 657-5 only applies to "domestic" judgments, that is, judgments rendered by Hawaii state courts. The federal Judgment rendered in this action was based on a federal cause of action. Federal court judgments have no expiration date.

4. Application of HRS 657-5 to federal court judgments on federal causes of action would be barred by the Supremacy Clause of the United States Constitution. Congress created a statutory regime for entry of and transfer of federal court judgments which would be impeded by HRS 657-5.

5. In the alternative, if HRS 657-5 were applicable, there is good cause to grant an extension of the Judgment. The Judgment will not be ten years old until January 8, 2007. The Judgment is hereby extended for ten years from its tenth anniversary. This Court and the Ninth Circuit have held that Marcos had a pattern and practice to fraudulently secrete his assets and use off-shore corporations and cronies to hold title to property. Plaintiffs have exercised due diligence and exceptional efforts in attempting to identify assets to satisfy the judgment. This Court has held Imelda Marcos and Ferdinand R. Marcos in contempt for violating the terms of the permanent injunction by transferring assets. Marcos family members have failed to appear

for deposition or produce documents regarding the identification and collection of assets to satisfy the Judgment.

     6.    The February 1999 Settlement Agreement is unaffected by this Order.

Dated: Honolulu, Hawaii, June 26, 2006

_____
The Honorable Manuel Real

20681_1