IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In Re:<br><br>ESTATE OF FERDINAND E. MARCOS HUMAN RIGHTS LITIGATION | MDL NO. 840<br>No. 86-390<br>No. 86-330<br><br>MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE FOR PURPOSE OF APPEAL |
| THIS DOCUMENT RELATES TO:<br><br>Hilao, et al. v. Estate of Ferdinand E. Marcos,<br>And<br>De Vera, et al. v. Estate of Ferdinand E. Marcos | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO INTERVENE FOR PURPOSE OF APPEAL**

      Revelstoke Investment Corp., Inc. ("Revelstoke") seeks to intervene to appeal the Court's Order of June 27, 2006 granting the Class Motion for Extension of Judgment ("June 27 Order"). This motion is necessary because Revelstoke previously moved to intervene to oppose the Class Extension Motion, but that request was denied despite the consent of the Plaintiff Class. Revelstoke plans to appeal the June 27 Order and seeks leave to intervene solely for that limited purpose.

1439314.1

## STATEMENT OF THE CASE

Revelstoke described the events leading to the Class Extension Motion in both its response on that motion and in its Motion to Intervene.  In brief, Revelstoke's counsel informed Class Counsel that the Class's judgment in this action had expired under Hawaii law and that, therefore, the judgment is not enforceable in a case that the Class brought against Revelstoke and other corporate defendants in the Northern District of Texas (the "Texas action").  The Class took two steps in response: first, on May 26, it informed Revelstoke's counsel that an extension of its judgment was not necessary; and second, *without telling Revelstoke's counsel until June 19*, the day after oppositions were due, it filed the Class Extension Motion in this Court on June 5.  On Friday, June 26, without any briefing or argument opposing the Class Extension Motion, this Court granted that motion, purporting to extend its judgment outside the ten-year period provided by Haw. Rev. Stat. § 657-5.  In the same hearing, the Court denied Revelstoke's unopposed motion to intervene for purposes of opposing the Class Extension Motion.  The Court filed a written Order memorializing its ruling on the Class Extension Motion on June 27.

## ARGUMENT

Revelstoke now seeks leave to intervene for the sole purpose of appealing the June 27 Order, not to intervene in the underlying action.  As

explained in Revelstoke's first motion to intervene, a person seeking to intervene must file a timely motion, must be inadequately represented by the current parties, and must have a significantly protectable interest that could be practically impaired by the resolution of the issue. *See California ex rel. Lockyer v. United States*, --- F.3d ----, 2006 WL 1599034, at *2 (9th Cir. 2006); (B.N. Dev. Co., et al.'s Mem. in Supp. of Unopposed Mot. to Intervene at 4-6).

Revelstoke satisfies these standards for purposes of an appeal of the June 27 Order:

*First*, Revelstoke's motion, filed the same week as the Order it seeks to appeal, is unquestionably timely. *See United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir. 1994) (district court abused its discretion when it found that motion was untimely even though proposed intervenor "was denied a proper hearing before the district court and moved to intervene for purpose of appeal as soon as possible").

*Second*, no party will represent Revelstoke's interest appealing the June 27 Order. Indeed, neither defendants nor anyone else opposed the Class Extension Motion at the hearing or in papers filed with the Court. Accordingly, Revelstoke easily meets the "minimal" burden of demonstrating inadequate representation, *i.e.*, that representation by present parties "may be inadequate."

*Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (internal quotations omitted).

*Third*, Revelstoke has a strong interest in precluding the judgment in this action from being enforced. Indeed, the Class Extension Motion granted by the Court was filed for the express purpose of thwarting a dispositive motion by Revelstoke and the other defendant corporations in the Texas action arguing that the 1995 judgment had expired. Again, this interest clearly satisfies the Ninth Circuit's "practical, threshold inquiry" test for this factor. *See County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980) ("The 'interest test' is basically a threshold one, rather than the determinative criterion for intervention, because the criteria of practical harm to the applicant and the adequacy of representation by others are better suited to the task of limiting extension of the right to intervene.").

*Fourth*, and finally, Revelstoke's interest in preventing the enforcement of the Class's judgment in the Texas action may be practically impaired by the June 27 Order extending that judgment. Tex. Civ. Prac. & Rem. Code § 16.066(a) provides that a judgment may not be enforced if it is "barred by the laws of the jurisdiction where rendered," and the Class will now surely argue that the extension of the judgment means that the judgment is not barred by the laws of this jurisdiction. Revelstoke disagrees that the extension has such an effect, but the possibility that it could influence the court in the Texas action

4

justifies intervention here. *See Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) ("if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene" (internal quotations and marks omitted)).

## **CONCLUSION**

For the reasons set forth in this memorandum and in Revelstoke's memoranda in support of its initial motion to intervene, Revelstoke satisfies the Ninth Circuit's test for intervention as of right and also meets the lower standard for permissive intervention (to which the Class consented). Revelstoke should therefore be granted leave to intervene for the purpose of appealing the Court's ruling on the Class Extension Motion. Finally, Revelstoke respectfully requests expedited consideration of this motion so that it may appeal the June 27 Order within the 30-day limit provided by the Federal Rules of Appellate Procedure.

Dated: Honolulu, Hawaii, June 29, 2006.

    /s/ Thomas Benedict
THOMAS BENEDICT

Attorney for Proposed Intervenor
REVELSTOKE INVESTMENT
CORP., INC.

5