CIVIL NO. 03-11111
(MDL 840) MARCOS
HUMAN RIGHTS LITIGATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF HAWAII
Honolulu, Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 19 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN RE:
ESTATE OF FERDINAND E. MARCOS
HUMAN RIGHTS LITIGATION

MDL NO. 840
No. 86-390
No. 86-330

Hilao et al. v. Estate of Ferdinand
E. Marcos,
    and
De Vera et al. v. Estate of Ferdinand
E. Marcos

x - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## OPPOSITION TO GRP-PCGG MOTION FOR RECONSIDERATION/ INTERVENTION AND ON DISTRIBUTION OF AWARD & DELETION/REDUCTION AS TO NUMBERS OF VICTIMS-CLAIMANTS

UNDERSIGNED Class-suit plaintiffs-claimants from Mindanao, Philippines, and unto this Honorable District Court of Hawaii, most respectfully state:

1. The Government of the Republic of the Philippines-Presidential Commission of Good Government ( RP-PCGG) Motion for Reconsideration must be denied under the following grounds:

    a) The Appellate Court is correct that the Philippine Government has no legal right to the account; the money does not belong to its treasury; the Philippine government was given sufficient time to act or institute a suit for and in behalf of the human rights victims but no suit was ever taken; the instant class suit was instituted by individual human rights victim/claimant who were united to litigate with the assistance of the private lawyers but without the assistance of the government; thus the GRP-PCGG intervention blocking at the final stage of the case the distribution and direct award to the victims is too late and filed out of time;

    b) The GRP-PCGG has not proved in the Philippine Court that the subject item/money is part of the ill-gotten wealth of Ex-President Ferdinand Marcos; it has only exercised administrative forfeiture of the funds within the country which they consider as belonging to the public treasury but it has not proved the wealth of Marcos outside the Philippines as ill-gotten wealth, foremost it has not instituted a case in the foreign country even though beyond its jurisdiction; it has no legal right therefore to claim whatever damage claim won by its individual citizen in a class suit;

    c) The argument that a state can do no wrong and the sovereign state is immune from suit is not applicable in the instant case, the state not being required to perform an affirmative act of appropriating the amount for payment of compensation to the victims and the state was not impleaded in the suit hence the doctrine of sovereign immunity and the maxim *par in parem, non habet imperium* cannot be invoked; the class suit was instituted by private individuals similarly situated as victims of human rights violations, there being seeming ineptness of the government in instituting damage suit for and in behalf of its citizenry;

-1-

2. That class-suit victims-claimants just learned from the newspaper reports that the entitled numbers of claimants-awardees who have won the class-suit were reduced from 9,539 to 7,503 as well as the GRP-PCGG Motion for Reconsideration that the money belonged to its treasury and assertion to channel through its instrumentalities the distribution of the entitled award/damages;

3. That the trimming down of the number of human rights victims-claimants on alleged grounds that there were spurious and double or triple entries is illegal and as to who made the decision to reduce, delete or exclude the awardees is premature, unwarranted, lacks factual and legal basis and without due process of law; it is likewise, with due respect, beyond the authority of the counsels without clients consent and is likewise beyond the domain of this Honorable Court to rule on the above-mentioned deletions, which all acts amounts to lack of jurisdiction, to wit:

a) What agency or entity will determine that a certain claimant-awardee is a spurious claimant? Certainly, not the lawyers representing the clients-principal as it is the latter who has a superior moral right bestowing trust in a lawyer-client relationship; if a client loses trust, the relationship is severed but the counsel cannot reject or exclude his client without each client's consent and without notice or due process of law and finally without approval of the court. There were an alleged correspondent/liaison lawyers who allegedly announce in the press the deletion of the names of the claimants but were they duly authorized by the counsel of record to act for and represent him in the class suit ? ;

b) It is but fair and reasonable that a Special/Master-Verifier must be appointed by the Court to determine and verify the identification of a certain claimant during the stage of the distribution, the situation being a post-judgment execution; the class suit plaintiffs has already established their names as aggrieved parties since the commencement of the suit until the present stage and the respective awardees names cannot just be unilaterally deleted by an unauthorized alleged correspondent counsel or any entity for that matter;

c) There must be a notice to individual named-claimant in a class-suit and the notice must be confirmed that it was received by each claimant and the latter shall be allowed to prove his identity and be allowed to dispute the rejection/deletion or exclusion to comply the basic elements of due process; these were never complied with by counsels, neither there was any Special/Master-Verifier appointed by the court ;

d) None of the above was ever procedurally and substantially followed, hence the exclusion/trimming down of the number of claimants is clearly premature, unwarranted, without due process of law and lacks factual and legal basis; the original numbers of 9,539 must be restored and finally awarded due entitlement, there being also an estoppel to question the numbers of claimants in a class-suit case filed long time ago;

4. The distribution of the individual damage award shall be given directly to the named individual plaintiff-claimant consisting of 9,539 not to the Philippine government ; the victory of the human rights victims would be meaningless as it can never reached the hands of the claimants considering that if it is already in government coffers, it had and will consider it as belonging to government public treasury; It will be recalled that in another class-suit where there was an award to the claimants and the $682 Million U.S. Dollors was held in escrow in Swiss bank but the Philippine government was able to transfer it to the Philippine National Bank anchoring its claim as ill-gotten wealth. Such acts of the GRP-PCGG is a

-2-



bad precedent that should not be taken lightly and will likely to happen to the claimants compensation award if this Honorable Court will grant its Motion for Reconsideration or allow the distribution through the government. It will be grossly unfair, unsound and unreasonable to allow the GRP to take possession and control of award due the victims;

WHEREFORE, premises considered, it is most respectfully prayed of this Honorable Court to deny GRP-PCGG Motion for Reconsideration, to reject the deletions and/or to restore the original numbers of the victims to 9,539 and to order the distribution to of the damage award directly to individual plaintiff-clamant.

Other relief and remedies deemed just and equitable are prayed for

September 8, 2006, Davao City, Mindanao, Philippines.

Signed below by Claimants/Plaintiffs

# V E R I F I C A T I O N

REPUBLIC OF THE PHILIPPINES )
CITY OF DAVAO, MINDANAO   ) S.S
X------------------------------------X

That We, the herein below named class-suit claimants in Mindanao, Philippines, under oath, depose and say:
That we are the plaintiffs-claimants in the above-entitled case.
That we caused the preparation of the foregoing opposition to GRP-PCGG Motion for Reconsideration/ pleadings;
That the allegations therein are true and correct of our own personal knowledge and understanding;
IN WITNESS WHEREOF, we hereunto affixed our hand this day of _____ at Davao City, Philippines.

NICANOR R. GONZALES
Affiant claimant-
Chairman of SOCIETY OF EX-DETAINEES AGAINST DETENTION AND FOR AMNESTY (SELDA, Samahan ng mga Ex-Detainees Laban sa Detensyon para sa Amnestiya Southern Mindanao Region, Davao City)
-and/or-

Class-suit CLAIMANTS-PLAINTIFFS /AFFIANTS
With their individual Names, Addresses, Signatures and Personal Identifications Numbers below in the next succeeding pages who Subscribed and Sworn to before a Notary Public for and in the City of Davao, Mindanao, Philippines.

SUBSCRIBED AND SWORN before me this day of SEP 0 8 2006 at Davao City, Philippines.

WITNESS MY HAND ON THE ABOVE DATE AND PLACE WRITTEN.

Doc. No. 25 ;
Page No. 06 ;
Book No. XVII ;
Series of 2006.

NAPOLEON F. SANGO
Notary Public
Until December 31, 2006
PTR No. 2213930 D.C. 1-04-06
IBP No. 636075 D.C. 1-10-05
TIN 105-141-159
Roll No. 32978
Serial # 142-2005

-3-