**ROBERT A. SWIFT**
**Lead Counsel**
**Kohn, Swift & Graf, P.C.**
**Suite 2400**
**1101 Market Street**
**Philadelphia, PA 19107**
**Telephone No.: (215) 238-1700**

**SHERRY P. BRODER #1880**
**Liaison Counsel**
**841 Bishop Street, Suite 800**
**Honolulu, Hawaii 96813**
**Telephone No.: (808) 531-1411**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF HAWAII**

| | |
|---|---|
| **IN RE:**<br><br>**ESTATE OF FERDINAND E. MARCOS HUMAN RIGHTS LITIGATION** | **MDL NO. 840**<br>**No. 86-390**<br>**No. 86-330** |
| **THIS DOCUMENT RELATES TO:**<br><br>**Hilao et al v. Estate of Ferdinand E. Marcos,**<br>**and**<br>**DeVera et al v. Estate of Ferdinand E. Marcos.** | **Date:**<br>**Time:**<br>**Courtroom:**<br>**Judge: Manuel L. Real** |

**PLAINTIFF CLASS' NOTICE OF RENEWED MOTION FOR ENTRY OF FINAL JUDGMENT FOR CIVIL CONTEMPT AGAINST IMELDA R. MARCOS AND FERDINAND R. MARCOS**

TO: JAMES P. LINN
The Linn Law Firm
The Tower
1601 NW Expressway, Suite 1710
Oklahoma City, OK 73118

JOHN J. BARTKO
Bartko, Welsh, Tarrant & Miller
900 Front Street, Suite 300
San Francisco, CA 94111

LEX R. SMITH
Kobayashi, Sugita & Goda
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813

Attorneys for Defendant and Imelda R. Marcos
and Ferdinand R. Marcos

NOTICE IS HEREBY GIVEN that the Plaintiff Class' Renewed Motion for Entry of Final Judgment for Civil Contempt against Imelda R. Marcos and Ferdinand R. Marcos shall come on for hearing before the Honorable Manuel L. Real, at a time and place to be set by the Court or as soon thereafter as counsel can be heard.

Dated: November 6, 2006

Robert A. Swift
Sherry P. Broder
Plaintiffs Lead and Liaison Counsel

**ROBERT A. SWIFT**
**Lead Counsel**
**Kohn, Swift & Graf, P.C.**
**Suite 2400**
**1101 Market Street**
**Philadelphia, PA 19107**
**Telephone No.: (215) 238-1700**

**SHERRY P. BRODER #1880**
**Liaison Counsel**
**841 Bishop Street, Suite 800**
**Honolulu, Hawaii 96813**
**Telephone No.: (808) 531-1411**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF HAWAII**

| | |
|---|---|
| **IN RE:**<br><br>**ESTATE OF FERDINAND E. MARCOS HUMAN RIGHTS LITIGATION** | **MDL NO. 840**<br>**No. 86-390**<br>**No. 86-330** |
| **THIS DOCUMENT RELATES TO:**<br><br>**Hilao et al v. Estate of Ferdinand E. Marcos,**<br>**and**<br>**DeVera et al v. Estate of Ferdinand E. Marcos.** | **Date:**<br>**Time:**<br>**Courtroom:**<br>**Judge: Manuel L. Real** |

**PLAINTIFF CLASS' RENEWED MOTION FOR ENTRY OF FINAL JUDGMENT FOR CIVIL CONTEMPT AGAINST IMELDA R. MARCOS AND FERDINAND R. MARCOS**

TO: JAMES P. LINN
The Linn Law Firm
The Tower
1601 NW Expressway, Suite 1710
Oklahoma City, OK 73118

JOHN J. BARTKO
Bartko, Welsh, Tarrant & Miller
900 Front Street, Suite 300
San Francisco, CA 94111

LEX R. SMITH
Kobayashi, Sugita & Goda
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813

Attorneys for Defendant and Imelda R. Marcos
and Ferdinand R. Marcos

The Plaintiff Class renews its Motion for Entry of Final Judgment for Civil Contempt against Imelda R. Marcos and Ferdinand R. Marcos. In support of the Class' Motion, it incorporates herein its attached exhibits and earlier Motions for Entry of Judgment on Civil Contempt and the documents and testimony in connection therewith.

Dated: November 6, 2006

Robert A. Swift
Sherry P. Broder
Plaintiffs Lead and Liaison Counsel

CERTIFICATE OF SESRVICE

The undersigned certifies that he served the Plaintiff Class' Second Renewed Motion for Entry of Final Judgment for Civil Contempt Against Imelda R. Marcos and Ferdinand R. Marcos upon the below listed counsel by U.S. Mail, postage prepaid, and by facsimile.

James P. Linn, Esq.
The Linn Law Firm
The Tower
1601 NW Expressway, Suite 1710
Oklahoma City, OK 73118-1427

John J. Bartko, Esq.
Bartko, Tarrant & Miller
900 Front Street, Suite 300
San Francisco, CA 94111

Lex R. Smith, Esq.
Kobayashi, Sugita & Goda
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, HI 96813

Robert A. Swift

**ROBERT A. SWIFT**
**Lead Counsel**
**Kohn, Swift & Graf, P.C.**
**Suite 2400**
**1101 Market Street**
**Philadelphia, PA 19107**
**Telephone No.: (215) 238-1700**

**SHERRY P. BRODER #1880**
**Liaison Counsel**
**841 Bishop Street, Suite 800**
**Honolulu, Hawaii 96813**
**Telephone No.: (808) 531-1411**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF HAWAII**

| | |
|---|---|
| **IN RE:**<br><br>**ESTATE OF FERDINAND E. MARCOS HUMAN RIGHTS LITIGATION** | **MDL NO. 840**<br>**No. 86-390**<br>**No. 86-330** |
| **THIS DOCUMENT RELATES TO:**<br><br>**Hilao et al v. Estate of Ferdinand E. Marcos,**<br>**and**<br>**DeVera et al v. Estate of Ferdinand E. Marcos.** | |

**MEMORANDUM IN SUPPORT OF THE PLAINTIFF CLASS' RENEWED MOTION FOR ENTRY OF FINAL JUDGMENT FOR CIVIL CONTEMPT AGAINST IMELDA R. MARCOS AND FERDINAND R. MARCOS**

The Plaintiff Class has renewed its Motion for entry of final judgment on the contempt Order of this Court, and asked that Judgment be entered in the amount of $250 million, jointly and severally, against contemnors Imelda R. Marcos and Ferdinand R. Marcos.

## I. BACKGROUND

The facts underlying this Motion are well known to this Court. After four hearings held in 1995, this Court found Imelda R. Marcos and Ferdinand R. Marcos in civil contempt after it was disclosed that they had entered into secret deals with the Republic of the Philippines to transfer and divide all assets of the defendant Estate. The secret agreements only came to light after contemnors willfully refused to appear for deposition and produce documents. The division of the Estate's assets between contemnors and the Republic would render the Estate judgment-proof and the Class' judgment uncollectible. In addition, the Court found that contemnors and the Republic had sold valuable artwork in which the defendant Estate had a beneficial interest. Imelda R. Marcos received no less than $700,000 from this sale. The Court also found that contemnors had willfully failed to appear at their depositions. *See* Exhibit "1" hereto.[1]

This Court required contemnors to purge their contempt by, *inter alia*, (1) renouncing the agreements with the Republic and (2) depositing the proceeds from the sale of the artwork with the Court. To coerce compliance, the Court fined contemnors $100,000 per day. Thereafter contemnors refused to renounce the secret agreements, continued to implement the agreements, and even petitioned a court in the Philippines to enforce the agreements. The contemnors have not appeared for deposition despite their depositions being noticed several times following the entry of judgment against the Estate.

The Court of Appeals affirmed the Contempt Order on December 17, 1996. *Hilao v. Estate of Marcos*, 103 F.3d 762 (9th Cir. 1996). That Court's opinion affirmed both the findings of this Court and the imposition of sanctions. The Court stated in a footnote:

---

[1] The Court approved a supplemental sanction by Order entered July 24, 1995 which continues in effect but is not implicated herein other than it should be memorialized in a final judgment.

> Nowhere in Appellants' brief do they challenge the sanction as improperly imposed, so they appear to have waived their appeal of the sanction.

*Id.*, 103 F.3d at 765, n. 5.

In 2001, in connection with the related case of *Merrill Lynch v. Arelma*, No. 00-595 (D.HI), sworn testimony was taken and documents obtained conclusively showing that contemnors had signed powers of attorney in 1998 and 1999 on behalf of the Estate empowering a banker to locate and transfer assets of the Estate to their personal accounts, including the Arelma account at Merrill Lynch. The evidence supporting this was filed with the Court in April 2001 and never rebutted by the contemnors.

Although contemnors have served as executors of the Estate of Ferdinand E. Marcos for a decade or longer – and as personal representatives of the Estate since 1989 -- they have not caused any part of the judgment or the contempt fine to be paid. Contemnors have continued their opposition to collection of the judgment, in part by opposing enforcement of the judgment in the Philippines for the past nine years. In February 1999 the Marcoses even released a book deriding the trial in this case, the *bona fides* of the plaintiff victims, and the integrity of this Court.

## II. ARGUMENT

The federal contempt statute, 18 U.S.C. § 401, provides for either fine or imprisonment as a sanction for contempt. *In Re Bradley*, 318 U.S. 50 (1943). Consistent with the "least power doctrine", *Shillitani v. United States*, 384 U.S. 364 (1966), this Court gave contemnors over a month to purge their contempt before imposing a fine of $100,000 per day beginning May 30, 1995. This Court clearly delineated what acts contemnors had to take to purge their contempt. Contemnors have not only failed to pay the fine, but have, by their own admission, continued to

violate the Permanent Injunction by taking formal action to consummate the transfer and division of the Defendant Estate's assets.

**A. The Court Should Terminate and Enter Judgment on the Fine**

More than 4,000 days have elapsed since the contempt sanction became effective. Therefore, the total sanction exceeds $400 million. Since the sanction has not caused the contemnors to purge their contempt, the sanction should be terminated and final judgment entered in favor of the plaintiff Class. While the total amount of the fine is substantial, the contemnors always had it within their power to avoid incurring it. The acts required to purge their contempt were well within their grasp. Furthermore, the injunction was entered to protect the ability of the Class to collect on its multi-billion dollar judgment. Relative to the amount of the judgment — which the contemnors wished to avoid satisfying from the assets of the defendant Estate — the $100,000 daily sanction was appropriate. In the intervening years, the amount of the judgment has increased to over $4.1 billion. Contemnors' evasion of this Court's Order has and will prevent the Plaintiff Class from collecting on a major part of its judgment, so the daily sanction was also compensatory in nature in view of the loss of over $2 billion in interest to the Plaintiff Class.

At no time during the pendency of the contempt citation did the contemnors request the Court to reduce the fine or contend that they were powerless to purge their contempt. The contemnors have consistently blocked Class Counsel from obtaining documents or information as to their wealth. It is the law in this Circuit that a party may not contend that a fine or punitive damage award is excessive unless he discloses evidence of his wealth. *See El Ranco, Inc. v. First National Bank of Nevada*, 406 F.2d 1205, 1218-19 (9th Cir. 1968), cert. denied, 396 U.S. 875 (1969) ("Requiring [the defendant] to bring forward evidence to show his inability to

pay is in accord not only with federal case law, but with general principles of allocating burdens of proof and of producing evidence. The party who controls the evidence should have the burden of producing it."); *see also Provost v. City of Newburgh,* 262 F.3d 146, 163-64 (2d Cir. 2001); *Zarcone v. Perry*, 572 F.2d 56 (2nd Cir. 1978). The contemnors have never disclosed their wealth. Nonetheless, the Plaintiff Class would consent to a reduction of the fine to $250 million. In relationship to the now $4.1 billion judgment, which contemnors have obstructed the collection of, the $250 million is less than 1/16th.

**III. CONCLUSION**

The Plaintiff Class urges the Court to terminate the civil fine, and enter a final judgment thereon in favor of the plaintiff Class and against contemnors, jointly and severally, in an amount of no less than $250 million.

Respectfully submitted,

Dated: November 6, 2000

Robert A. Swift
Sherry P. Broder
Plaintiffs' Lead and Liaison Counsel