# EXHIBIT 1

ROBERT A. SWIFT
Lead Counsel
Kohn, Swift & Graf, P.C.
2400 One Reading Center
1101 Market Street
Philadelphia, PA 19107
215-238-1700

SHERRY P. BRODER #1880
Liaison Counsel
Grosvenor Center, Suite 1800
733 Bishop Street
Honolulu, Hawaii 96813

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 2 6 1995

at __6 o'clock and _10_ min. __ M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT
~~CENTRAL~~ DISTRICT OF ~~CALIFORNIA~~ HAWAII

| | |
|---|---|
| IN RE:<br><br>ESTATE OF FERDINAND E. MARCOS<br>HUMAN RIGHTS LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>HILAO v. ESTATE OF FERDINAND MARCOS | MDL NO. 840<br><br><br><br>Heard: April 24, 1995 and<br>May 12, 1995<br><br>Judge: MANUEL L. REAL |

ORDER GRANTING PLAINTIFFS' MOTION FOR CONTEMPT

Plaintiffs' Motion for Contempt and related Motion for Sanctions was heard before the Honorable MANUEL REAL of the above-entitled Court on April 24, 1995 at 10:30 am at the Federal Courthouse, Honolulu, Hawaii and on May 12, 1995 at 4:00 pm at the Federal Courthouse, Los Angeles, California. ROBERT A. SWIFT, SHERRY P. BRODER, and JON M. VAN DYKE appeared on behalf of the Hilao Plaintiffs; RANDALL SCARLETT and CAESAR BELLI appeared on behalf of the Clemente and Ortigas Plaintiffs; PAUL HOFFMAN and PETER LABRADOR appeared on behalf of the Sison and Piopongco

1

Plaintiffs; B. J. ROTHBAUM and LEX SMITH appeared on behalf of the Defendant Estate of Ferdinand E. Marcos and Imelda Marcos; and JOHN BARTKO appeared on behalf of Ferdinand R. Marcos.

Neither party having requested to call live witnesses and the Court having reviewed the pleadings, memoranda, and evidentiary submissions, and having heard the oral arguments of counsel,

AND NOW, upon consideration of Plaintiffs' Motion for Contempt and related Motion for Sanctions and the responses thereto, the Court makes its findings of fact and conclusions of law as follows:

1.  On January 11, 1995, Plaintiffs filed a Motion for Contempt against Imelda R. Marcos and Ferdinand R. Marcos for violating Orders of this Court, and in particular this Court's Orders relating to the Preliminary Injunction. Plaintiffs have twice supplemented their motions asserting new violations and moved separately for sanctions for discovery abuses.

## Motion for Sanctions

2.  At a hearing on January 20, 1995 this Court directed Plaintiffs' counsel to take discovery regarding their allegations.

3.  Plaintiffs' counsel noticed the depositions of Imelda R. Marcos and Ferdinand R. Marcos for March 16 and 17, 1995 in Manila, Philippines, the deponents' place of residence, and required them to produce documents related to the pending Motion for Contempt.

4. Imelda R. Marcos and Ferdinand R. Marcos failed to appear for deposition and testify or explain their failure to appear or produce documents.

5. Imelda R. Marcos and Ferdinand R. Marcos engaged in a cover-up of their violations of this Court's Preliminary Injunction by failing to appear, testify and produce documents at their depositions noticed for March 16 and 17, 1995, as appears from subsequent disclosures described infra.

6. As a sanction for their failure to appear, testify and produce documents, the Court deems established Plaintiffs' factual allegations and further finds that those facts are substantiated by the evidence presented by Plaintiffs.

### Preliminary Injunction

7. By Stipulation entered February 22, 1990, Imelda R. Marcos and Ferdinand R. Marcos were substituted as legal representatives of the Estate of Ferdinand E. Marcos, and this Court acquired personal jurisdiction over them.

8. On November 20, 1991 this Court entered a Preliminary Injunction enjoining Imelda R. Marcos and Ferdinand R. Marcos from "directly or indirectly:

> transferring, conveying, encumbering, dissipating, converting, concealing, or otherwise disposing of in any manner any funds, assets, claims or other property or assets owned actually, equitably or beneficially by, or in the possession or custody of or held by or in any way on behalf of or for the benefit of the Estate of Ferdinand Marcos."

9. The Preliminary Injunction was affirmed by the Ninth Circuit Court of Appeals and the United States Supreme Court denied certiorari. Hilao v. Estate of Ferdinand E. Marcos, 25 F.3d 1467, cert. denied 130 L.E. 2d 879 (1995). The Court entered a Permanent Injunction on February 3, 1995 as part of the Final Judgment in the Class Action.

10. Imelda R. Marcos and Ferdinand R. Marcos received service of the Preliminary Injunction in 1991.

11. By two agreements dated June 26, 1992 Imelda Marcos, acting on behalf of herself, Ferdinand R. Marcos, and her other children, agreed to transfer, split and divide with the Republic of the Philippines all assets belonging to the Estate of Ferdinand E. Marcos worldwide.

12. Among the assets agreed to be divided were valuable artwork located in the United States which were subsequently sold in the United States and the proceeds, after payment of certain creditors, divided between Imelda R. Marcos and the Republic of the Philippines.

13. Two additional agreements dated December 28, 1993 were entered into among Imelda R. Marcos, Ferdinand R. Marcos and the other Marcos children, on the one hand, the Republic of the Philippines on the other hand.

14. These new agreements were discovered by Plaintiffs' counsel only after their apparent unauthorized disclosure in a filing in a Philippine court on April 5, 1995 by an attorney for Imelda R. Marcos and Ferdinand R. Marcos.

4

15. The 1993 agreements delineate with more specificity how the Estate's assets are to be divided with the Republic of the Philippines, and provide that the wife and children of Ferdinand E. Marcos are to receive 25% of the Estate's assets tax free together with the dismissal of all criminal charges against them. Two agreements were used instead of one in an apparent subterfuge to gain control over more than $365 million located in Switzerland.

16. The 1992 and 1993 agreements violate the Preliminary Injunction by, directly and indirectly, transferring, conveying, encumbering, dissipating and disposing of funds, assets and other property owned actually, equitably or beneficially by or for the benefit of the Estate of Ferdinand E. Marcos.

### Order Re Costs of Special Masters

17. By Order entered in October, 1994 the Court directed that the defendant Estate was required to pay the costs of the Special Masters appointed by the Court.

18. At a hearing on March 14, 1995 the Court directed the Estate on or before April 10, 1995 to deposit $100,000 with the Clerk to fund the costs of the Special Masters. An order to that effect was dated April 4, 1995 and entered on April 10, 1995.

19. The Legal representatives of the Estate, Imelda R. Marcos and Ferdinand R. Marcos, have failed to deposit the $100,000 ordered by this Court.

## Contempt

20. Imelda R. Marcos and Ferdinand R. Marcos are adjudged in civil contempt of this Court's Preliminary Injunction entered November 20, 1991 and this Court's Order re Costs of the Special Masters entered April 10, 1995.

21. To purge themselves of contempt, Imelda R. Marcos and Ferdinand R. Marcos shall:

   a)   Deposit $100,000 with the Clerk of this Court;

   b)   Submit a written, signed and notarized renunciation and repudiation of the aforesaid 1992 and 1993 agreements to the Clerk of the Court, a representative of the Executive Branch of the Republic of the Philippines and file a copy thereof with an appropriate court in the Republic of the Philippines.

   c)   Deposit with the Clerk all proceeds received by them from the sale of artwork referred to in the aforesaid 1992 agreement.

22. To coerce compliance with the Orders of this Court, beginning May 30, 1995 the Court levies a fine of $100,000 per day against Imelda R. Marcos and Ferdinand R. Marcos in their personal capacities, jointly and severally, which shall be paid to Plaintiffs' Lead Counsel for distribution in accordance with paragraph 10 of the Final Judgment until the terms of this Order are complied with.

23. The amount of the fine is necessary and appropriate since:

   a)   Interest on the Final Judgment is accruing at the

rate of almost $55,000 per day;

  b) No supersedeas bond has been filed; and

  c) Imelda R. Marcos and Ferdinand R. Marcos continue to hide and secrete the assets of the defendant Estate.

DATED: 5-23-95

MANUEL L. REAL
MANUEL L. REAL
MDL 840 Transferee Judge

RE: In Re Estate of Ferdinand E. Marcos Human Rights Litigation; MDL NO. 840; Order Granting Plaintiffs' Motion For Contempt.

7