Writing:

*ORIGINAL*

Paul Hoffman, SBN 071244
SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, CA 90291
Telephone:  (310) 396-0731
Fax:        (310) 399-7040

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 02 2007

at __1__ o'clock and __ω__ min __P__ M
SUE BEITIA, CLERK

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF HAWAII

| | |
|---|---|
| IN RE:<br><br>ESTATE OF FERDINAND MARCOS<br>HUMAN RIGHTS LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Sison v. Marcos;<br>Piopongco v. Marcos. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUBSTITUTION OF PLAINTIFF**<br><br>[Filed concurrently with Motion for Substitution of Plaintiff; Declaration of Elizabeth Piopongco; Declaration of Paul Hoffman; [Proposed] Order]<br><br>MDL NO. 840<br><br>Cv. No. 86-225<br>Cv. No. 87-138<br><br>Date: To be Set<br>Time: To be Set<br>Courtroom: To be Set<br>Judge: Manuel L. Real |

---

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUBSTITUTION OF PLAINTIFF

## MEMORANDUM OF POINTS AND AUTHORITIES

Elizabeth Piopongco submits this memorandum in support of the Motion for Substitution of Parties upon the death of her husband, Plaintiff Jaime Piopongco, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 25. Jaime Piopongco passed away on November 26, 2006. Attached hereto as Exhibit A to the Declaration of Elizabeth Piopiongco ("*Piopongco Decl.*") is a true and correct copy of the Certificate of Death. Elizabeth Piopongco is Plaintiff's wife, heir, successor, and a distributee of Plaintiff's estate.

### I. ELIZABETH PIOPONGCO IS THE PROPER PARTY TO SUBSTITUTE FOR DECEASED PLAINTIFF, JAIME PIOPONGCO.

"If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Fed. R. Civ. P. 25(a)(1). "The motion for substitution may be made by any party or by the successors or representatives of the deceased party..." Although it is generally accepted that the proper party for substitution must be a legal representative of the deceased (citations omitted), the addition of the word 'successor' to the rule means that a proper party need not necessarily be appointed executor or administrator of the deceased party's estate." Sinito v. U.S. Department of Justice, 176 F.3d 512, 516 (1999); Rende v. Kay, 415 F.2d at 986. "...[A] distributee of a decedent's estate may be a 'successor' of an estate that has been distributed and thus can be a proper party." Sinito v. U.S. Department of Justice, 176 F.3d at 516, *citing* McSurely v. McClellan, 753 F.2d 88, 98-99 (D.C. Cir. 1985).

The final judgment issued on behalf of Jaime Popiongco is not extinguished simply because Plaintiff died while waiting almost ten years for the Defendants to satisfy their obligations.[1] Jaime Piopongco has been a plaintiff in the Marcos

---

1. The three Sison/Piopongco Plaintiffs have also filed a Motion for Extension of Judgment.

2

Human Rights Litigation for over 25 years. Declaration of Elizabeth Piopongco ("*Piopongco Decl.*"), ¶ 2. Prior to his death, he had not received any payment toward satisfaction of the judgment in his favor almost ten years ago for the abuses he suffered at the hands of the brutal Marcos regime. *Piopongco Decl.*, ¶ 2. Jaime Piopongco's estate is in the process of being distributed, and his wife, Elizabeth Piopongco, is his heir, successor and a distributee. *Piopongco Decl.*, ¶ 3. Mrs. Piopongco should therefore be substituted for Jaime Piopongco as Plaintiff in this case in order to preserve their rights to the outstanding judgment still owed by the Defendants.

II. **THE INSTANT MOTION IS TIMELY AND IMPOSES NO PREJUDICE ON ANY PARTY**

Under the rule relating to substitutions of parties upon death of one of them, either a party or the successors and representatives of deceased party may effect substitution for deceased party by filing motion for substitution or by suggesting death on record and thus triggering the 90-day period which begins with suggestion of death. Fed.Rules Civ.Proc. Rule 25(a)(1); Yonofsky v. Wernick, 362 F.Supp. 1005 (S.D.N.Y. 1973). A motion to substitute proper party for deceased party can be made before valid suggestion of death has been made. Fed.Rules Civ.Proc.Rule 25(a)(1); Hardy v. Kaszycki & Sons Contractors, Inc., 842 F.Supp. 713 (S.D.N.Y. 1993).

Mrs. Piopongco timely files the instant motion for substitution, the validity of which is unaffected by the fact that no party or person has previously filed a statement of fact of death. The date of death does not commence a limitations period for party substitution.[2] Instead, the time does not run until the death is

---

2. Until the 1963 Amendment, F.R.C.P 25(a) required a motion for substitution upon the death of a party to be brought within two years of death. Rende v. Kay, 415 F.2d 983, 984-985 (1969).

3

1  noted on the record by service of statement of fact of death, and there is no
2  particular time period within which that statement must be made after the death
3  occurs. Unicorn Tales, Inc. V. Banerjee, 138 F.3d 467 (2nd Cir. 1998) (Statement
4  of fact of death of a litigant need not be filed by a party or formal or appointed
5  representative of the decedent's estate); Hawes v. Johnson & Johnson, 940 F.
6  Supp 697 (1996) (Following death of plaintiff, the remaining plaintiffs were not
7  under any time restraints to make formal suggestion of death).
8      In fact, "the amendment to Rule 25(a)(1) was intended to dispel
9  unwarranted rigidity and allow more flexibility in substitution." Rende v. Kay, 415
10 F.2d at 986.  The 1963 amendment of Rule 25(a)(1) is to be given liberal effect.
11 Roscoe v. Roscoe, 179 F.2d 94, 99 (1967).  Mrs. Piopongo brings the instant
12 motion well before the two year statutory limitations period under the formal rule.
13 And, whereas the 90 day limitations period following the filing of a statement of
14 fact of death has yet to commence, Mrs. Piopongco's motion for substitution is
15 timely and bears no prejudice upon any party.  See Mobil Oil Corp. V. Lefkowitz,
16 454 F.Supp. 59 (1977) (Defendant could not move for dismissal on the ground that
17 plaintiff had failed to move for substitution, when the 90-day period for
18 substitution of a party had yet to begin); and see Morgan v. Laborers Pension
19 Trust Fund for N. California, 81 F.R.D. 669 (1979) (refusal to dismiss claim
20 against a plaintiff when the court learned of his death a year and a half after it
21 occurred and when the 90-day period for filing a motion of substitution had not
22 yet expired).
23     Finally, no party will be prejudiced were this Court to grant the instant
24 motion.  Mrs. Piopongco brings no additional claims or requests for relief to this
25 litigation.  Final judgment in favor of the three Sison/Piopongco Plaintiffs was
26 entered almost ten years ago, and the substitution of Mrs. Piopongco for her
27 deceased husband as Plaintiff presents no burden on any party other than to ensure
28 satisfaction and collection of the judgment owed by the Defendants.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUBSTITUTION OF PLAINTIFF

### III. CONCLUSION

Elizabeth Piopongco is the wife, heir, and successor of Plaintiff Jaime Piopongco. She is a distributee of his estate, and therefore the proper party to substitute as Plaintiff in Jaime Piopongco's place. This motion is brought within the period of limitations allowed and will cause no burden or prejudice to any party. For the aforementioned reasons, this court should substitute Elizabeth Piopongco as Plaintiff in Jaime Piopongco's place.

Respectfully submitted,

Dated: October 1, 2007

_____
Paul L. Hoffman
Attorneys for Plaintiffs
Jose Maria Sison
Jaime Piopongco
Estate of Francisco Sison

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 723 Ocean Front Walk, Venice, California 90291.

On **October 1, 2007**, I served the foregoing documents described as:

*Memorandum of Points and Authorities in support of Motion for Substitution of Plaintiff*

on all interested parties in this action. By placing the __X__ original **or a** ____ true copy thereof enclosed in sealed envelope addressed as follows:

Bert T. Kobayashi, Jr.
Kobayashi Sugita & Goda
First Hawaiian Center
999 Bishop St Ste 2600
Honolulu, HI 96813-3889

James Paul Linn
James P. Linn Law Firm PLLC
1601 NW Expressway Ste 1710
Oklahoma City, OK 73118
405 239-6781
Fax: 405 516-5525

Lex R. Smith
Kobayashi Sugita & Goda
First Hawaiian Center
999 Bishop St Ste 2600
Honolulu, HI 96813-3889

Stephen V. Bomse
Heller Ehrman LLP
333 Bush St
San Francisco, CA 94104
415 772-6000

Robert A. Swift
Kohn Swift & Graf
One South Broad St Ste 2100
Philadelphia, PA 19107
215 238-1700

Sherry P. Broder
Davies Pacific Center
841 Bishop St Ste 800
Honolulu, HI 96813
531-1411

Carol A. Eblen
Goodsill Anderson Quinn & Stifel LLLP
Alii Place
1099 Alakea St Ste 1800
Honolulu, HI 96813-2639
547-5600

Jay R. Ziegler
Buchalter Nemer
1000 Wilshire Blvd 15th Flr
Los Angeles, CA 90017
213 896-0400

Thomas Benedict
Goodsill Anderson Quinn & Stifel LLLP
1099 Alakea St Ste 1800
Honolulu, HI 96813-2639
547-5600

Matthew J. Viola
Law Office of Matthew Viola
707 Richards St Ste 516
Honolulu, HI 96813

Rachel M. Jones
Heller Ehrman White & McAuliffe
333 Bush St
San Francisco, CA 94104-2878
415 772-6000

| | |
|---|---|
| Richard Cashman<br>Heller Ehrman LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>212-832-8300 | Randall Scarlett, Esq.<br>THE SCARLETT LAW GROUP<br>536 Pacific Avenue<br>San Francisco, CA 94133 |
| John J. Bartko<br>Bartko Welsh Tarrant & Miller<br>900 Front Street<br>Suite 300<br>San Francisco, CA 94111<br>(415) 956-1900 | |

__X__ **[BY MAIL]** I caused such envelope to be deposited in the mail at Venice, California. The envelope was mailed with postage thereof fully prepaid.

**[BY PERSONAL SERVICE]** I caused such envelope to be delivered by hand to the offices of the addressee(s).

**[FEDERAL EXPRESS]** I caused such envelope to be delivered via federal express at Venice, California.

**[BY FAX]** I transmitted the above document to the above facsimile.

**[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__X__ **[FEDERAL]** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Melanie T. Partow*
Melanie T. Partow