Paul Hoffman, SBN 071244
SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, CA 90291
Telephone: (310) 396-0731
Fax: (310) 399-7040

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

IN RE:

ESTATE OF FERDINAND MARCOS
HUMAN RIGHTS LITIGATION

THIS DOCUMENT RELATES TO:

Sison v. Marcos;
Piopongco v. Marcos.

) PLAINTIFFS' MEMORANDUM
) OF POINTS AN AUTHORITIES
) IN SUPPORT OF MOTION FOR
) EXTENSION OF JUDGMENT;
) DECLARATION OF PAUL L.
) HOFFMAN IN SUPPORT
) THEREOF
)
)
)
) MDL NO. 840
)
) Cv. No. 86-225
) Cv. No. 87-138
)
)

Date: To Be Set
Time: To Be Set
Courtroom: To Be Set
Judge: Manuel L. Real

Plaintiffs Jose Maria Sison, Jaime Piopongco,[1] and the Estate of Ferdinand Sison ("the Sison/Piopongco Plaintiffs") submit this memorandum in support of their Motion for Extension of Judgement for ten years pursuant to Federal Rule of

---

1. Elizabeth Piopongco, wife and heir of deceased Plaintiff Jaime Piopongco, hasfiled a Motion for Substitution of Plaintiff. Were this Court to grant Mrs. Piopongco's Motion, the instant Motion would serve to extend the Final Amended Judgment on behalf of Jose Maria Sison, Elizabeth Piopongco, and the Estate of Ferdinand Sison, as the "Sison/Piopongco Plaintiffs."

1

PLAINTIFFS' MOTION TO RENEW JUDGMENT

1  Civil Procedure ("Fed. R. Civ. P.") 69.

2  I.  **PROCEDURAL BACKGROUND**

3      Final judgment in the Marcos Human Rights Case as to the
4  Sison/Piopongco Plaintiffs was entered on October 3, 1997, when this Court
5  entered its Amended Final Judgment (a true and correct copy of which is attached
6  as Exhibit A to the Declaration of Paul L. Hoffman ("Hoffman Dec.")).[2/] This
7  Court's October 3, 1997 Amended Final Judgment included the following
8  provisions:

9      (1) Entry of the August 13, 1997 Stipulation For Entry of Amended Final
10      Judgment as to Plaintiffs Jaime Piopongco and Jose Maria Sison (a true and
11      correct copy of which is attached hereto as Exhibit B to the Declaration of
12      Paul L. Hoffman ("Hoffman Dec.")); and
13      (2) Application of the August 11, 1995 Judgment provisions as applicable to
14      the Estate of Francisco Sison (a true and correct copy of which is attached
15      hereto as Exhibit C to the Declaration of Paul L. Hoffman ("Hoffman
16      Dec.")).

17

18  II.  **THIS COURT MUST EXTEND JUDGMENT IN FAVOR OF THE**
19      **SISON/PIOPONGCO PLAINTIFFS FOR AN ADDITIONAL TEN**
20      **YEARS AND PREVENT THE DEFENDANTS' FRAUDULENT**
21      **CONCEALMENT OF ASSETS.**

22      A judgment is final when the issues are adjudicated and settled with finality.
23  Market Street R. Co. V. Railroad Commission, 324 U.S. 548, 551-552 (1945);
24  FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 212 (1952). A
25  federal judgment is not final until the mandate is spread in district court. Bianchi
26  v. Perry, 154 F.3d 1023 (9th Cir 1998) *citing* Calderon v. United States District

27  ───────────────────────────
28      2. This Stipulation came as a result of the Court of Appeal's decision in
Hilao v. Estate of Ferdinand Marcos, 103 F.3d 789 (9th Cir. 1996).

2

PLAINTIFFS' MOTION TO RENEW JUDGMENT

1  Court, 128 F.3d 1283, 1286 n.2 (9th Cir. 1997). For the three <u>Sison/Piopongco</u>
2  Plaintiffs, the federal judgment did not become final until this District Court
3  entered and filed its Amended Final Judgment on October 3, 1997.

4      Fed. R. Civ. P. 69(a) does not impose any federal time limit for executing on
5  a federal money judgment and does not specifically incorporate any state statute of
6  limitations on a federal judgment based on federal law claims. Fed. R. Civ. P. 82
7  provides that the Federal Rules "shall not be construed to extend or limit the
8  jurisdiction of the United States District courts." Hence, when read in combination
9  with Fed. R. Civ. P. 82, Rule 69 cannot be read to authorize a direct restriction on
10 the federal district court's jurisdiction to enforce its judgments.

11     The ability of federal courts to take measures necessary to ensure
12 enforcement of their judgments has long been recognized. "Without jurisdiction to
13 enforce a judgment entered by a federal court, 'the judicial power would be
14 incomplete and entirely inadequate to the purposes for which it was conferred by
15 the Constitution.'" <u>Riggs v. Johnson County, 6 Wall</u>. 73 U.S. 166, 172 (1868). In
16 fact, the Supreme Court has granted federal courts the "authority... to alter [State]
17 processes in such manner as they shall deem expedient, and likewise to make
18 additions..." <u>Id</u>. Accordingly, the United States Supreme Court also approved the
19 exercise of district court jurisdiction "over a broad range of *supplementary*
20 *proceedings*... to assist in the protection of [their] federal judgments..." <u>Peacock v.</u>
21 <u>Thomas</u>, 516 U.S. 349, 356 (1996). Such "*supplementary proceedings*" are those
22 which execute, or "guarantee eventual executability of a federal judgment." <u>Id.</u>

23     Therefore, the exercise of this Court's jurisdiction to extend its Amended
24 Final Judgment for an additional ten years is not only appropriate, but necessary so
25 as to permit the three <u>Sison/Piopongo</u> Plaintiffs to collect the monies owed by the
26 Defendant Estate of Ferdinand Marcos.[3/]  As this Court is well aware, the

27 _____

28     3. This is further underscored by this Court's grant of the Class Plaintiffs'
June 5, 2006 Motion for Extension of the February 3, 1995 judgment in their

Defendant Estate has engaged in a pattern and practice of fraudulently concealing assets - including the use of domestic and off-shore corporations to hold title. In response, this Court invoked a number of supplemental proceedings to protect its judgments and guarantee their executability in favor of the human rights victims.[4/] In furtherance of its commitment to prevent the Defendant Estate from escaping liability for the judgment debts owed to victims of gross human rights violations, this Court must also extend the October 3, 1997 Final Amended Judgment as applicable to the three Sison/Piopongo Plaintiffs.

Although Hawaii Revised Statute ("H.R.S") §657-5 limits the life of a judgment to ten years, it does not preclude this Court's grant of the instant motion for all three Sison/Piopongco Plaintiffs. First, state law cannot preempt collection of a federal judgment without specific statutory or constitutional authority. State "legislatures" have no power directly to enlarge or contract federal jurisdiction." Duchak v. Jacobi, 646 F. 2d 415, 419 (9th Cir.) 1981. Second, the ten year limitations period found within H.R.S. §675-5, titled *Domestic* Judgments and Decrees, is applicable only to a "judgment and decree of any court of the State" of Hawaii. Section 636C-2 of the same Hawaii statute defines judgements and orders of the courts of the United States as *foreign* judgments - to which the ten year limitations period does not apply. Third, the Ninth Circuit has specifically rejected the Hawaii statute limiting time to pursue federal remedies. Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc., 823 F. 2d 289, 297 (9th

---

favor.

4. This Court has reinstated the class compromise judgment and settlement, granted an Order of Civil Contempt, enjoined the Defendants' fraudulent behavior, and extended the Class Plaintiffs' judgment for an additional ten years. Class Plaintiffs have also engaged in vigorous litigation to identify and recover Marcos' assets. Given the efforts of Class Plaintiffs, and this Court's decision that all assets recovered by any Plaintiff would be enforceable for all Plaintiffs at the Court's decision, it makes no sense for the individual Plaintiffs to enforce in separate enforcement efforts.

Cir. 1987).

Assuming *arguendo*, that state law governs the limitations period, this Court should nevertheless grant the instant motion. In addition to the reasons stated above, H.R.S. 657-20 extends any statute of limitations period for six years when, as is the case with the Defendant Estate, the identity of the owner of property has been fraudulently concealed. Finally, the three Sison/Piopongco Plaintiffs bring the instant motion within ten years, and well within 16 years of the October 3, 1997 Amended Final Judgment in their favor.

### III. CONCLUSION

For the reasons stated above, Plaintiffs Jaime Piopongco[5], Jose Maria Sison, and the Estate of Ferdinand Sison request this Court to extend judgement in their favor for an additional ten years.

Dated: October 1, 2007

_____
Paul L. Hoffman
Attorneys for Plaintiffs
Jose Maria Sison
Jaime Piopongco
Estate of Francisco Sison

---

5. As set forth above in footnote one, were this Court to grant Elizabeth Piopongco's Motion for Substitution of Plaintiff, the instant motion would extend the judgment for an additional ten years in her name.