LEX R. SMITH 3485-0
JOSEPH A. STEWART 7315-0
Kobayashi Sugita & Goda
First Hawaiian Center
999 Bishop St. Suite 2600
Honolulu, HI 86813-3889
Telephone: (808) 539-8700
Fax: (808) 539-8799
e-mail: jas@ksglaw.com

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: | ) DEFENDANT ESTATE OF<br>) FERDINAND MARCOS'<br>) MEMORANDUM OF POINTS |
| ESTATE OF FERDINAND MARCOS<br>HUMAN RIGHTS LITIGATION | ) AND AUTHORITIES IN<br>) RESPONSE AND OPPOSITION<br>) TO PLAINTIFFS' MOTION FOR<br>) EXTENSION OF JUDGMENT |
| THIS DOCUMENT RELATES TO: | )<br>) CIVIL NO. 03-11111 |
| Sison v. Marcos<br>Piopongco v. Marcos | )<br>) MDL NO. 840<br>)<br>) Cv. No. 86-225<br>) Cv. No. 87-138<br>)<br>) Date: To Be Set<br>) Time: To Be Set<br>) Courtroom: To Be Set<br>) Judge:    Manual L. Real |

TO THE COURT AND ALL INTERESTED PARTIES AND
THEIR ATTORNEYS OF RECORD:

Defendant, the Estate of Ferdinand Marcos ("Estate"), respectfully submits this Memorandum of Points and Authorities in Response and Opposition to the Motion for Extension of Judgment filed on behalf of Plaintiffs, Jose Maria Sison, Jaime Piopongco and the Estate of Ferdinand Sison ("the Motion").

### A.    PROCEDURAL HISTORY AND BACKGROND

The procedural history relevant to the Motion is as follows:

1. This Court entered a "Final Judgment" in favor of the subject Plaintiffs on August 7, 1995.

2. The Defendant did not file a supersedes bond.

3. The Plaintiffs (Sison/Piopongco) appealed the Final Judgment. On December 17, 1996 the Ninth Circuit affirmed, in part, and reversed, in part, the Final Judgment. *Milao v. Estate of Ferdinand Marcos*, 103 F. 3d 789 (9th Cir. 1976).

4. On October 3, 1997, this Court entered an "Amended Final Judgment" that incorporated "all of the terms of the Judgment dated August 11, 1995." *See* paragraph 1 of Amended Final Judgment.

5. The Motion was filed with this Court on October 2, 2007.

### B.    POINTS AND AUTHORITIES

I. **Supplementary Proceedings under Rule 69(a) of the Federal Rules of Civil Procedure must follow Hawaii State law.**

Document ID: 425261_1_JAS

Plaintiffs make the Motion under Rule 69(a) F.R.C.P. This rule provides in pertinent part that

> "... in proceedings supplementary to and in and of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the State in which the district court is held, existing at the time the remedy is sought..." Rule 69(a) F.R.C.P.

The "clear intent" and the "accepted judicial understanding" of the above quoted phase "is that state practices and procedures dealing with the enforcement of judgments generally must be followed." 13 Moore's Federal Practice § 69.03[i] (3d ed.); *see also, Custer v. McCutcheon* 283 U.S. 514, 516 (1931) (Fed. R. Civ. Prac. Rule 69 provides that procedure on execution shall be in accordance with practice and procedure of state in which district court is held except that any statute of the United States governs to the extent applicable.)

No federal statute authorizes the extension of a final judgment. So to the extent Plaintiffs seek such an extension under this Court's right to engage in *supplementary proceedings* under Rule 69(a), Hawaii law controls. This is not a federal versus State supremacy issue. The application of State law is mandated by the unambiguous wording of the Federal Rules of Procedure.

## II. The Extension can not be granted under Hawaiian Law.

Haw. Rev. Stat. 657-5 provides that:

> "No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date **the original judgment or decree was rendered**."

(emphasis added). "H.R.S. § 657-5 places the burden on the judgment creditor to seek judicial extension of the judgment prior to the expiration of the ten year statutory period." *Int'l Sav. & Loan Ass'n v. Wiig*, 921 F. 2d 117, 119 (Haw. 1996). The statutory period for the purpose of an extension under § 657-5 starts to run from the date the "original judgment" was rendered. The original judgment in this case, which was upheld on appeal, was rendered in 1995. Since the Motion was filed in 2007, it is untimely and can not be granted under Rule 69(a) F.R.C.P. by reference to applicable Hawaiian law.

## III. The Judgment in this case has Expired.

The law of the forum State determines when a federal court judgment expires.[1] *Balfour Beatty Behamas, Ltd. v. Bush* 170 F.3d 1048, 1050 (11tj Cir. 1999); *see also Andrews v. Roadway Exp. Inc.* 473 F.3d 515, 568-69 (5th Cir. 2006).

---

[1] Plaintiffs grossly mis-cite *Carpenter Trust Funds v. Waiola Carpenter Shop, Inc.*, 823 F.2d 287 (9th Cir. 1987) for the proposition that "the Ninth Circuit has specifically rejected the Hawaiian statute limited time to pursue federal remedies." Plaintiffs Memorandum a p. 4. *In Carpenter* the Ninth Circuit did apply a Hawaiian statute of limitation in the absence of an applicable Federal Statute.

Under Hawaii law, specifically H.R.S. § 657-5, the life of a judgment is limited to ten years unless timely renewed. This point of Hawaii law is admitted by Plaintiffs on page 4 of Plaintiffs Memorandum in Support of the Motion (…Hawaii Revised Statute ["H.R.S."] § 657-5 limits the life of a judgment to ten years…")

At the end of the Hawaiian ten year limitation period, the judgment is "conclusively presumed paid and discharged." *Wiig*, 921 P.2d at 121. Any "supplementary proceedings" in aid of execution under Rule 69(a) F.R.C.P. are now barred because the original final judgment in this case has lapsed. *Bush*, 170 F.3d at 1050-51.

### IV. "Original Judgment" under Haw Rev. Stat. 657-5 does not mean "Amended Judgment".

The ten year limitation period for judgments under Hawaiian law commences to run from the date the "original judgment" is rendered. H.R.S. § 657-5. There is no authority to support the Plaintiffs argument that the words "original judgment" in H.R.S. § 657-5 should be ignored and that the applicable period of limitations should commence from the date of an "Amended Final Judgment." This Court has no authority to either re-write the Hawaii Revised Statutes, or ignore its wording, as suggested by Plaintiffs.

**V.    The Deadline for a Motion for Extension of Judgment can not be extended by unsupported allegations of Fraudulent Concealment of Assets.**

The Plaintiffs cite Haw. Rev. Stat. 657-20 as grounds for tolling the deadline under H.R.S. 657-5 for making a motion to extend a judgment. This argument is totally misguided.

First, Haw. Rev. Stat. 657-20 addresses the fraudulent concealment of either (1) the existence of a cause of action or (2) the identity of a person who is liable for a claim. Neither issue is pertinent in this case.

Second, the allegations of fraudulent concealment which are not factually supported, and which are denied, do not excuse Plaintiffs' counsel from failing to file the subject Motion for Extension within the statutory ten years. In this context, the allegations of fraudulent concealment is merely a red herring to take the focus off why Plaintiffs' counsel did not file the Motion earlier.

Third, HRS § 657-5 says nothing about "fraudulent concealment" and does not otherwise allow for any tolling for the deadline for filing a motion to extend a judgment. The Hawaii Supreme Court has already rejected an argument similar to the argument advanced by Plaintiffs. *See Int'l. Sav. & Loan Ass'n. v. Wiig*, 921 P.2d at 120 (Court specifically rejected "the proposition that a garnishment proceeding or any other enforcement action 'tolls' the time limitation imposed by H.R.S. § 657-5.")

## VII. Conclusion and Prayer.

The Motion is wholly without merit and should be in all respect DENIED.

Date: October 16, 2007

Respectfully Submitted,

By:   /s/ Joseph A. Stewart

James P. Linn, Esq.
JAMES P. LINN LAW FIRM, P.L.L.C.
1601 NW Expressway, Suite 1710
Oklahoma City, Oklahoma 73118

Lex R. Smith, Esq.
Joseph A. Stewart, Esq.
KOBAYASHI, SUGITA & GODA
999 Bishop Street, #2600
Honolulu, Hawaii 96813