IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| In re: ESTATE OF FERDINAND E. MARCOS HUMAN RIGHTS LITIGATION, | Case No. 03-cv-11111-DKW-KJM<br>MDL No. 840 |
| THIS DOCUMENT RELATES TO:<br><br>Hilao, *et al*. v. Estate of Ferdinand E. Marcos,<br><br>and<br><br>DeVera, *et al*. v. Estate of Ferdinand E. Marcos. | **ORDER (1) GRANTING MOTION FOR EXTENSION OF JUDGMENT ON CONTEMPT, AND (2) EXTENDING JUDGMENT ON CONTEMPT** |

On July 23, 2019, Plaintiff Class of Human Rights Victims (Plaintiff Class) filed a Motion for Extension of Judgment on Contempt (Motion) that has since been opposed by Defendant Estate of Ferdinand E. Marcos (Defendant) and its representatives, Imelda R. Marcos and Ferdinand R. Marcos. Because Plaintiff Class has moved for an extension of the Judgment on Contempt prior to the expiration of said judgment and shown good cause for doing so, and because Defendant fails to provide an adequate reason for not extending the same, the Motion is GRANTED, and the Judgment on Contempt is EXTENDED, pursuant to

Haw. Rev. Stat. Section 657-5, until January 25, 2031–20 years after the original entry of said judgment.

## RELEVANT PROCEDURAL BACKGROUND

The federal litigation against Defendant began in the 1980's. Understandably, therefore, the procedural history of said litigation is long. For purposes of the present Motion, however, much of that procedural history need not be recounted. Instead, the Court begins its brief summary with the Judgment on Contempt.

The Judgment on Contempt was entered on January 25, 2011. Dkt. No. 10665. In relevant part, the Judgment on Contempt provided as follows:

> 3. The sanction [of $100,000.00 per day] was for violation of this Court's preliminary and permanent injunction, the latter of which was entered as part of the Judgment Order of February 3, 1995. The sanction ceased running ten years later when enforcement of the Judgment Order expired on February 3, 2005 pursuant to H.R.S. Sec. 657-5.
>
> 4. A total of 3,536 days elapsed during which the contemnors remained in contempt of the permanent injunction and did not purge their contempt or seek to reduce the sanction.
>
> 5. Judgment is entered in favor of the Plaintiff Class and against Imelda R. Marcos, Ferdinand R. Marcos and the Estate of Ferdinand E. Marcos, jointly and severally, in the amount of $353,600,000.00.
>
> 6. The judgment is entered personally against Imelda R. Marcos and Ferdinand R. Marcos. Since they served as executors of

> the Estate of Ferdinand E. Marcos and their contemptuous acts were on behalf of the Estate, the Estate is in privity with them and subject to the judgment herein.
>
> 7. The judgment is compensatory and in favor of the Plaintiff Class since the Class has been prevented from collecting on its original judgment (and judgments registered in other states) in an amount well in excess of the amount of this judgment.
>
> …

Defendant appealed the Judgment on Contempt, and, on October 24, 2012, the Ninth Circuit Court of Appeals affirmed. Dkt. No. 10690. On appeal, Defendant argued that, "because the underlying damages judgment expired in 2005 and because the $100,000 per day contempt sanction upon which the contempt judgment was based was coercive in nature, the contempt judgment is unenforceable." *Id*. at 2. The Ninth Circuit, first, observed that Defendant's argument was "likely waived" because Defendant did not sufficiently raise it before the district court. *Id*. at 2-3. Independent of waiver, the Ninth Circuit also rejected the argument on the merits. *Id*. at 3-4. Specifically, the Ninth Circuit explained that, even if the contempt sanction was coercive, it was also "clearly" compensatory. *Id*. at 3. Moreover, the district court did not abuse its discretion in treating the entirety of the sanction as compensatory because no party had asked the court to allocate the daily sanction amount between compensatory and coercive components. *Id*. at 4.

On July 23, 2019, the Plaintiff Class filed the instant Motion for Extension of Judgment on Contempt. Dkt. No. 10741. Defendant, Imelda R. Marcos, and Ferdinand R. Marcos have filed an opposition to the Motion, Dkt. No. 10743, and Plaintiff Class has filed a reply, Dkt. No. 10744. With briefing now complete, the Court makes the following ruling.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 69(a) provides that the procedure on execution of a judgment "must accord with the procedure of the state where the court is located…." In Hawaiʻi, the applicable procedure of the state can be found in Hawaiʻi Revised Statutes Section 657-5. Section 657-5 provides as follows:

> Unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered. No action shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended. No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered. A court shall not extend any judgment or decree beyond twenty years from the date of the original judgment or decree. No extension shall be granted without notice and the filing of a non-hearing motion or a hearing motion to extend the life of the judgment or decree.

## DISCUSSION

Here, the Judgment on Contempt was entered on January 25, 2011. Therefore, the Judgment on Contempt will expire, without an extension, 10 years later on January 25, 2021. The Motion was filed on July 23, 2019, and, therefore, Plaintiff Class has sought an extension within 10 years of the rendering of the Judgment on Contempt, in accordance with Section 657-5. In addition, given that Defendant has filed an opposition to the Motion, it cannot be said (and Defendant does not say) that notice has not been provided. As a result, the Court finds that notice has been provided of the sought-after extension, in accordance with Section 657-5. Finally, Plaintiff Class does not seek an extension beyond the 20-year period from the date of the Judgment on Contempt. Therefore, the Court finds that Plaintiff Class has met all of the requirements found in Section 657-5 for the sought-after extension.[1]

Despite Defendant's failure to argue that any of the requirements of Section 657-5 have not been met, Defendant argues that the Motion should not be granted. Defendant does so on one ground–one that may seem familiar following the summary of the relevant procedural background set forth above. Specifically,

---

[1] In fact, it appears the Plaintiff Class has gone beyond the strict requirements of Section 657-5 and explained why an extension of the Judgment on Contempt is necessary. *See* Dkt. No. 10741 at 5-8. The reasons offered by the Plaintiff Class are uncontroverted.

Defendant argues that the Judgment on Contempt should not be extended because said judgment was "based on fines that were wholly coercive in nature[]" and, as such, the fines are no longer justified due to the termination of the underlying human-rights proceeding.  Defendant also argues that, to the extent the Court finds that any portion of the Judgment on Contempt is compensatory, the Court should extend said judgment only with respect to the portion that is compensatory.  Dkt. No. 10743 at 1-2, 6.

The Court rejects Defendant's arguments.  First, as the summary of the procedural background *supra* makes clear, the issue of whether the Judgment on Contempt was coercive or compensatory has already been decided (by both this Court and the Ninth Circuit) and decided unfavorably to Defendant.  In other words, the Judgment on Contempt has already been found to be compensatory in nature.  Defendant's assertion that the Judgment on Contempt is "wholly coercive" is simply unmoored from the realities of this case.  In that regard, Defendant asserts that the decision of the Ninth Circuit in this case "does not preclude the court from considering the continued validity of the Contempt Judgment on the Plaintiffs' action to extend the same."  Dkt. No. 10743 at 10-11.  Defendant, however, provides no support (of any kind) for that assertion.  Moreover, it appears to be connected to the Ninth Circuit's discussion of "waiver,"

6

*see id*. at 10, which entirely ignores the Ninth Circuit's rejection of the argument on the merits. As a result, this Court finds no reason to retrace well-trodden steps in this case.

Second, the Court rejects Defendant's request to allocate the Judgment on Contempt between compensatory and allegedly coercive amounts. The reason is similar. In moving for an *extension* of the Judgment on Contempt, the Plaintiff Class seeks only to extend a judgment that has already been rendered and determined by this Court to be entirely compensatory. That determination was affirmed by the Ninth Circuit. Now, therefore, is not the time for Defendant to (finally) be asking this Court to allocate the amount of the judgment.[2] That ship sailed a long time ago. Put another way, the Plaintiff Class' request for an extension of the Judgment on Contempt does not change the already-determined nature of said judgment, it merely extends it. As a result, this Court will not revisit that which has already been determined and upheld on appeal.

## **CONCLUSION**

Having reviewed the parties' submissions on this matter, based upon the foregoing, the Court finds that the Plaintiff Class has met all of the requirements of

---

[2]Nor has Defendant offered any means by which such a proposed allocation would occur, even if the Court were inclined to entertain Defendant's belated suggestion.

Section 657-5, and Defendant provides no adequate reason not to grant the relief that is requested. As a result, the Plaintiff Class' Motion for Extension of Judgment on Contempt, Dkt. No. 10741, is GRANTED.

The Court hereby ORDERS that the expiration of the Judgment on Contempt, Dkt. No. 10665, dated January 25, 2011, is EXTENDED until January 25, 2031,[3] pursuant to Hawai'i Revised Statutes Section 657-5.

IT IS SO ORDERED.

Dated: August 30, 2019 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

*In re Estate of Ferdinand Marcos Human Rights Litigation; This Document Relates to: Hilao, et al v Estate of Ferdinand E Marcos and DeVera, et al v. Estate of Ferdinand E Marcos*; CV 03-11111 DKW-KJM, MDL No. 840; **ORDER (1) GRANTING MOTION FOR EXTENSION OF JUDGMENT ON CONTEMPT, AND (2) EXTENDING JUDGMENT ON CONTEMPT**

---

[3] The Court notes that, in the memorandum in support of the Motion, the Plaintiff Class requests that the Judgment on Contempt be extended until January 24, 2031, Dkt. No. 10741-1 at 7, 9, while in the proposed order submitted as an exhibit to the Motion, the Plaintiff Class seeks an extension until January 25, 2031, Dkt. No. 10741-4 at 2. Because 20 *years* from January *25*, 2011, is January *25*, 2031, the Court finds that the Judgment on Contempt should be extended until said date.